534 So.2d 907 (1988)
Ricky Randall RIDDELL, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1320.
District Court of Appeal of Florida, First District.
December 13, 1988.
*908 Ricky Randall Riddell, pro se.
No appearance, for appellee.
SHIVERS, Judge.
Appellant, Ricky Randall Riddell, appeals the trial court's denial of his April 1988 motion entitled "Motion for All County Jail Credit," in which he challenged the Department of Corrections' calculation of his maximum release date. According to appellant's motion, the Department failed to credit appellant with 11 months 55 days of time served in the county jail, even though the sentence imposed by the trial court did reflect that amount of credit for time served. The trial court summarily denied the motion, without stating reasons for so doing.
The motion filed by the appellant was allegedly brought pursuant to Rule 3.800(a), Fla.R.Crim.P. and section 921.161(1), Florida Statutes (providing that the sentencing court shall allow a defendant credit for all time spent in county jail before sentence is imposed, and that the amount of credit must be provided in the sentence). Since appellant's motion does not challenge the sentence imposed by the trial court, but seeks an order directing the Department to give full credit for time served, appellant should have sought relief by way of a petition for writ of mandamus, and not by way of a motion to correct sentence under section 3.800(a). Although the trial court could have treated the motion as a petition for writ of mandamus, it appears from the wording of the order that it was treated as one for post-conviction relief. We therefore reverse the order denying appellant's motion, and remand for the trial court to consider the motion as a petition for writ of mandamus. In so doing, the trial court is directed to determine whether the appellant has exhausted all available administrative remedies through use of the Inmate Grievance Procedure outlined in Rule 33-3.007, Florida Administrative Code.
MILLS and WENTWORTH, JJ., concur.