PER CURIAM.
Calvin E. Baker has appealed from an habitual felony offender sentence following a plea of nolo contendere to burglary, grand theft and escape, and from a sentence imposed after revocation of probation. We affirm in part, reverse in part, and remand.
*995 In Circuit Court Case No. 78-107, Baker was convicted of two counts of burglary of a conveyance, for which he received probation. In January 1986, after the latest revocation of that probation, Baker received a probationary split sentence of 5 years incarceration to be followed by 15 years probation. On November 10, 1988, Baker completed the incarcerative portion of the sentence, and commenced serving the probationary portion.
During the probationary term, Baker was charged with burglary and grand theft (Case No. 92-247), and burglary of a dwelling and escape (Case No. 92-212). He pled nolo contendere to all charges and, on October 6, 1992, received concurrent 10-year habitual felony offender sentences. On October 22, 1992, the trial court revoked Baker’s probation in Case No. 78-107, and imposed a 10-year guidelines sentence, to run concurrently with the habitual offender terms previously imposed. In awarding jail-time credit in Case No. 78-107, the trial court orally awarded credit for “every day [Baker] was in prison;” the written sentence reflected “808 days credit for such time as [Baker] has been incarcerated prior to imposition of this sentence.”
As to the habitual felony offender sentences imposed in Case Nos. 92-247 and 92-212, Baker argues that the habitual felony offender statute is unconstitutionally inequitable, irrational, vague, and subject to arbitrary and capricious application; provides no due process; and violates the principle of separation of powers. These arguments are without merit. See Seabrook v. State, 608 So.2d 560 (Fla. 1st DCA 1992), approved 629 So.2d 129 (Fla.1993); Porter v. State, 609 So.2d 640 (Fla. 1st DCA 1992), approved, 629 So.2d 834 (Fla.1993). We therefore affirm the habitual felony offender sentences imposed herein.
With regard to the sentence imposed in Case No. 78-107, Baker contends that he was entitled to earned gain-time as part of the time credited against the sentence imposed after revocation of probation, citing State v. Green, 547 So.2d 925 (Fla.1989) (a defendant is entitled to earned gain-time when computing time served to credit against the sentence imposed after revocation of probation which is part of a probationary split sentence). The state contends that the trial court did not err, properly making a general award of credit, and leaving the exact calculation to the Department of Corrections. See Desue v. State, 605 So.2d 933 (Fla. 1st DCA 1992).
We find that Baker is entitled to earned gain-time as part of the time credited against the sentence imposed after revocation of probation in Case No. 78-107. See State v. Green, 547 So.2d 925, 927 (Fla.1989).[1] Further, the specific credit awarded by the trial court herein in its oral and written pronouncements of sentence does not allow a conclusion that it intended an award of earned gain-time to be calculated by the Department. See, e.g., Desue. Accordingly, we vacate the sentence in Case No. 78-107, and remand for resentencing in accordance with this opinion.
MINER and BENTON, JJ., and WENTWORTH, Senior Judge, concur.

. While the legislature’s subsequent amendment to section 948.06, Florida Statutes, gave the trial court discretion not to award such gain-time, Baker’s prior offense was committed before the effective date of the amendment, and thus it does not apply. See Jackson v. State, 619 So.2d 431, 432 (Fla. 1st DCA 1993).