657 So.2d 938 (1995)
Anthony Scott GRIMES, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2017.
District Court of Appeal of Florida, First District.
July 11, 1995.
*939 Anthony Scott Grimes, pro se.
Robert A. Butterworth, Atty. Gen., Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Grimes appeals the trial court's denial of his "Motion to Allow Credit for Time Served" in which he challenged the Department of Corrections' calculation of credit for time served and requested that the court direct the Department to credit appellant with 1,217 days of time served. The trial court denied the motion stating that it was the task of the Florida Department of Corrections to calculate that credit. This appeal was filed pursuant to Fla.R.Crim.P. 3.800. Appellant argues that he is entitled to full credit pursuant to State v. Green, 547 So.2d 925 (Fla. 1989), because, having served the incarcerative portion of his split sentence, he is entitled to full credit for time served, including gain time, at resentencing after violation of probation.
Appellant's motion does not challenge either the judgment or sentence imposed by the trial court as required by Rule 3.800. In fact the record demonstrates that the court appropriately ordered appellant be awarded credit for all time previously served in the Department of Corrections. The merits of appellant's claim, therefore, may not be addressed because appellant has not properly invoked the authority of this court. Reynolds v. State, 590 So.2d 1043 (Fla. 1st DCA 1991); Riddell v. State, 534 So.2d 907 (Fla. 1st DCA 1988). Petition for writ of mandamus is the appropriate course of action in such cases. Id.
We therefore remand this case for the court to treat the motion as a petition for writ of mandamus and at that time to determine whether appellant has exhausted available administrative remedies.
BOOTH, MINER and MICKLE, JJ., concur.