676 So.2d 456 (1996)
Genorval SLAY, Appellant,
v.
Harry K. SINGLETARY, Jr., Secretary, Florida Department of Corrections, Appellee.
No. 95-2026.
District Court of Appeal of Florida, First District.
May 28, 1996.
Genorval Slay, pro se.
Louis A. Vargas, General Counsel, and LeeAnn Knowles, Assistant General Counsel, Department of Corrections, Tallahassee, for appellee.
BEFORE THE GENERAL DIVISION EN BANC

ON MOTION FOR REHEARING, REHEARING EN BANC OR FOR CERTIFICATION
PER CURIAM.
We grant appellee's motion for rehearing en banc, and upon consideration by the judges of the General Division in accordance with Florida Rule of Appellate Procedure 9.331(b), we withdraw the panel's prior opinion in this cause, substitute the following in its stead, and certify the question to the Florida Supreme Court.
Genorval Slay, a/k/a Alton M. Johnson, seeks review of an order denying his petition for writ of habeas corpus, in which he alleged that in calculating the length of what at the time was believed to be his controlling sentence, appellee failed to allow him credit for gain-time earned during the service of the incarcerative portion of his original split sentence, as required by State v. Green, 547 So.2d 925 (Fla.1989). Before the trial court and in its brief filed in this proceeding, appellee acknowledged that in accordance with Green, appellant is entitled to certain credit for gain-time earned during the service of his original sentence, and that the application of such credit would result in appellant's release from custody.[1] Appellee argued, however, that the language utilized by the sentencing court in its written judgment and sentence was insufficient to effect an award of that credit, and in accordance with Wilson v. State, 603 So.2d 93 (Fla. 5th DCA 1992), the Department of Corrections lacks authority to correct or modify an illegal sentence. Thus, while appellee conceded appellant's entitlement to credit and his consequent entitlement *457 to release, it argued that the trial court properly found that appellant must seek redress in the sentencing court, rather than through a petition for writ of habeas corpus.
However, after seeking rehearing of the panel's prior opinion reversing the trial court's order and remanding with directions to grant the writ, appellee filed a pleading indicating, without meaningful explanation, that contrary to all its prior representations, the granting of relief with respect to the claim raised by Slay would not entitle him to release, as he is presently serving a separate concurrent sentence with a tentative release date of August 6, 1996. In view of this representation, we vacate the trial court's order denying the petition for writ of habeas corpus and remand for further proceedings consistent herewith.
We agree with the general proposition, as acknowledged in Wilson, that the Department of Corrections lacks the authority to correct an illegal sentence or render the illegality harmless. Nonetheless, appellee's reliance on Wilson is misplaced in this case. Wilson involved a situation in which the trial court, in resentencing upon a violation of the community control portion of a split sentence, failed to award the defendant credit for the original period of incarceration. Thus, Wilson's sentence was flawed based upon the sentencing court's failure to fulfill its obligation to award him credit to which he was legally entitled. However, Wilson is factually distinguishable from this case simply because the sentencing documents at issue here in fact properly award appellant all credit to which he was legally entitled, and are sufficient to impose a duty on the Department of Corrections to apply that credit.
In resentencing appellant upon violation of the probationary portion of his original split sentence, the sentencing court placed a check mark by the standard provision, mandated by Florida Rule of Criminal Procedure 3.986, allowing "credit for all time previously served on this count in the Department of Corrections prior to resentencing."[2] This court has rejected the claim that such a sentencing provision renders the sentence illegal for failure to afford appropriate credit under Green, and has indicated that when the Department of Corrections fails to apply Green credit in such a circumstance, the appropriate remedy is to seek extraordinary relief against the department. Grimes v. State, 657 So.2d 938 (Fla. 1st DCA 1995).
Consistent with this conclusion, our sister court has specifically interpreted such a sentencing provision as allowing the defendant credit for time actually served as well as earned gain-time to which an entitlement exists under Green. Smith v. State, 659 So.2d 1222 (Fla. 4th DCA 1995).[3] We now expressly align ourselves with the decision in Smith, and to the extent prior cases such as Allen v. State, 642 So.2d 607 (Fla. 1st DCA 1994) and Sapp v. State, 652 So.2d 1194 (Fla. 1st DCA 1995) are read to suggest that a sentencing court must do more in order to effect a full award of Green credit, we recede from those opinions. Although appellee suggests that this conclusion conflicts with the decisions in Byers v. State, 652 So.2d 1221 (Fla. 2d DCA 1995), Yourn v. State, 652 So.2d 1228 (Fla. 2d DCA 1995), and Bacon v. State, 647 So.2d 332 (Fla. 5th DCA 1994), we decline to so conclude, as none of those cases expressly appear to involve situations in which the sentencing court utilized the standard credit award language set forth in Rule 3.986(b). We do, however, certify the following question:
WHEN A DEFENDANT IS RESENTENCED AFTER VIOLATING THE PROBATIONARY PORTION OF A SPLIT SENTENCE IMPOSED FOR A CRIME OCCURRING PRIOR TO OCTOBER 1, 1989, IS THE SENTENCING *458 COURT'S AWARD OF "CREDIT FOR ALL TIME SERVED ON THIS COUNT IN THE DEPARTMENT OF CORRECTIONS PRIOR TO RESENTENCING" SUFFICIENT TO EFFECT THE AWARD OF CREDIT FOR TIME ACTUALLY SERVED AS WELL AS UNFORFEITED GAIN-TIME TO WHICH AN ENTITLEMENT EXISTS UNDER STATE v. GREEN, 547 So.2d 925 (Fla. 1989)?
In accordance herewith, we vacate the trial court's order denying the petition for writ of habeas corpus and remand for further proceedings. The trial court is directed to determine on remand whether the application of the Green credit to which Slay is entitled would consequently entitle him to immediate release, and if so, to grant the petition and so order. If, as appellee now belatedly suggests, the application of Green credit to the sentence at issue here would not entitle him to immediate release, the trial court is directed to treat the petition as seeking mandamus relief against the Department of Corrections and to conduct such further proceedings as are necessary. Cf., Grimes v. State, supra; Riddell v. State, 534 So.2d 907 (Fla. 1st DCA 1988).
ORDER VACATED AND CAUSE REMANDED WITH DIRECTIONS.
ERVIN, BOOTH, JOANOS, MINER, WOLF, WEBSTER, MICKLE, LAWRENCE, BENTON and VAN NORTWICK, JJ., concur.
NOTES
[1] Because appellant's offense was committed prior to October 1, 1989, there is no issue concerning the effect of sections 944.28(1) or 948.06(6), Florida Statutes, which allow the Department of Corrections or the trial court to forfeit earned gain-time upon revocation of probation.
[2] Although appellee suggests that this provision was not drafted with the intention of addressing credit for unforfeited gain-time, we note that it was adopted by the supreme court nearly three years after its decision in Green. See In re Amendments to the Florida Rules of Criminal ProcedureRules 3.140 and 3.986, 603 So.2d 1144 (Fla.1992).
[3] Appellee's reliance on Baker v. State, 635 So.2d 994 (Fla. 1st DCA 1994), for the proposition that a sentencing court's award of all time served in prison does not permit the conclusion that the court intended to award gain-time is misplaced, as the sentencing order at issue there awarded only a specifically stated number of days, evidently corresponding to the time actually spent in incarceration.