684 So.2d 173 (1996)
Michael FORBES, Petitioner,
v.
Harry SINGLETARY, etc., Respondent.
No. 87358.
Supreme Court of Florida.
October 31, 1996.
Michael Forbes, Bonifay, pro se.
Susan A. Maher, Deputy General Counsel, Department of Corrections, Tallahassee, for Respondent.
GRIMES, Justice.
Michael Forbes petitioned this Court for writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const.
Following receipt of a response by respondent, we directed that Forbes be released from prison. However, the Court reserved jurisdiction so that we could issue an opinion in order to address the systemic problem underlying Forbes' particular situation.
In 1992, Forbes was convicted for lewd and lascivious acts involving a child and sentenced to two and one-half years' imprisonment followed by seven and one-half years' probation. The offenses were committed between February 1, 1989, and June 30, 1989. Based on time actually served and accumulated gain time, Forbes was released from prison and began his probation in August of 1993. Forbes subsequently violated the conditions of his probation and was resentenced to six years less 54 days of credit for time spent in jail after arrest for violation of probation, 120 days of original county jail time credit, "and all time previously served." In computing Forbes' tentative release date, the Department of Corrections (DOC) gave him credit for the time he had actually served in DOC custody but did not award him credit for the unforfeited basic gain time and incentive gain time he had accumulated while serving his original sentence.
*174 Forbes' petition asserts that pursuant to State v. Green, 547 So.2d 925 (Fla.1989), and Tripp v. State, 622 So.2d 941 (Fla.1993), he was entitled to be given credit for the unforfeited basic and incentive gain time he earned during his original incarceration. In its response, DOC concedes that under Green[1] Forbes may be entitled to credit for the unforfeited gain time he accumulated while serving his original sentence. However, DOC contends that it must rely on the sentencing documents to apply credits and that it has consistently interpreted directions such as this to mean that credit for time served only encompassed the time actually served in county jail and state custody.
In sentencing Forbes, the judge utilized the form set out in Florida Rule of Criminal Procedure 3.986(d). The sentence specified:
JAIL CREDIT _X_ It is further ordered that the
 Defendant shall be allowed a
 total of 174 days as credit for
 time incarcerated prior to imposition
 of this sentence.
PRISON CREDIT _X_ It is further ordered that the
 Defendant be allowed credit for
 all time previously served on
 this count in the Department of
 Corrections prior to resentencing.
Sentencing is the obligation of the court rather than DOC. Thomas v. State, 612 So.2d 684, 684 (Fla. 5th DCA 1993). Thus, we can understand DOC's reluctance to take a position contrary to its interpretation of the sentencing order. Yet, judges are required to render sentences according to law. When Forbes was sentenced, our opinion in Green, which reasoned that "accrued gain time is the functional equivalent of time spent in prison," represented the law of this state. Therefore, in the absence of language to the contrary,[2] it must be assumed that the sentencing judge's order that Forbes "be allowed credit for all time previously served... in the Department of Corrections prior to resentencing" contemplated that Forbes should receive credit for unforfeited gain time. DOC's interpretation, said to have been "established over decades," that credit for time served meant only time spent while actually incarcerated was necessarily rejected by the majority opinion in Green. State v. Green, 547 So.2d 925 (Fla.1989) ("[C]redit for every day ... spent in jail ... is what credit for time served is all about." Id. at 927 (Grimes, J., dissenting).). DOC was thus obligated to interpret Forbes' sentencing order to include credit for unforfeited basic and incentive gain time.[3] When Forbes was given credit for such unforfeited gain time, it was apparent that he was entitled to immediate release.
In its response to Forbes' petition, DOC complained of a larger problem created by changes in the laws relating to credit for unforfeited gain time and by the inadequacy of the disparate sentencing forms used by the sentencing courts throughout the state. In 1989, the legislature enacted two statutes bearing on this subject which remain in effect. Section 948.06(6), Florida Statutes (1989), provided that whenever probation was revoked, an offender "may be deemed to have forfeited" all gain time earned up to the date of his release on probation. We construe this language to mean that for defendants who committed their offenses on or after October 1, 1989, the sentencing judge is permitted, but not required, to forfeit the credit for gain time otherwise available under Green. Section 944.28(1), Florida Statutes (1989), also authorized DOC, on the revocation of probation and without notice or hearing, to declare a forfeiture of all gain time earned prior to the revocation. Thus, for defendants who committed their offenses between October 1, 1989, and December 31, 1993, DOC, like the sentencing judge, has the discretion to forfeit credit for prior gain time upon the revocation of probation. Even *175 though the sentencing judge has authorized credit for unforfeited gain time, DOC may now unilaterally declare it forfeited. Most recently, the legislature enacted section 921.0017, Florida Statutes (1995), which eliminated all credit for any type of gain time earned prior to the revocation of probation with respect to offenses committed on or after January 1, 1994.
DOC laments that it is faced with a variety of sentencing orders on this matter which are subject to differing interpretations. Consequently, and at our request, DOC has submitted a proposed form sentencing order which would henceforth clarify DOC's responsibility in determining tentative release dates.
Upon consideration, we approve DOC's suggestions and hereby amend the form in Florida Rule of Criminal Procedure 3.986 by eliminating the special provision on prison credit and replacing it with the provisions set forth below:
CREDIT FOR TIME SERVED IN RESENTENCING AFTER VIOLATION OF PROBATION OR COMMUNITY CONTROL
 __________ It is further ordered that the defendant
 be allowed ______ days time
 served between date of arrest as a
 violator following release from prison
 to the date of resentencing. The Department
 of Corrections shall apply
 original jail time credit and shall compute
 and apply credit for time served
 and unforfeited gain time previously
 awarded on case/count
 _____________________________________.
 (Offenses committed before
 October 1, 1989)
 ___________ It is further ordered that the defendant
 be allowed ______ days time
 served between date of arrest as a
 violator following release from prison
 to the date of resentencing. The Department
 of Corrections shall apply
 original jail time credit and shall compute
 and apply credit for time served
 on case/count
 _____________________________________.
 (Offenses committed between
 October 1, 1989, and
 December 31, 1993)
 _______ The Court deems the
 unforfeited gain time
 previously awarded on
 the above case/count
 forfeited under section
 948.06(6).
 ______ The Court allows unforfeited
 gain time previously
 awarded on the
 above case/count.
 (Gain time may be subject
 to forfeiture by the
 Department of Corrections
 under section
 944.28(1)).
 __________ It is further ordered that the defendant
 be allowed ______ days time
 served between date of arrest as a
 violator following release from prison
 to the date of resentencing. The Department
 of Corrections shall apply
 original jail time credit and shall compute
 and apply credit for time served
 only pursuant to section 921.0017,
 Florida Statutes, on case/count
 _____________________________________.
 (Offenses committed on or after
 January 1, 1994)
This amendment shall become effective upon the date this opinion becomes final.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] In State v. Green, 547 So.2d 925, 927 (Fla. 1989), this Court held that upon the violation of probation which followed a sentence of imprisonment, the defendant was entitled to credit on the new sentence for all of the unforfeited gain time earned while previously in prison.
[2] We acknowledge DOC's suggestion that there is always the possibility that the sentencing order made no specific reference to credit for unforfeited gain time because this was waived as part of a plea bargain. Should this be the case, we think it would have been incumbent upon the sentencing judge to say so.
[3] Consequently, DOC is also obligated to provide appropriate credit to others who are in the same position as Forbes.