682 So.2d 657 (1996)
Jimmy HUDSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-1927.
District Court of Appeal of Florida, Third District.
November 6, 1996.
*658 Jimmy Hudson, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
PER CURIAM.
The defendant filed a motion to correct illegal sentence contending that the trial court improperly amended his sentence to add a minimum mandatory term pursuant to the habitual violent felony offender statute. See Fla.Stat. § 775.084(4)(1995). The state and the defendant had agreed that he would plead guilty in exchange for a twelve year sentence should he be found to qualify as a habitual violent felony offender. The presentence investigation report showed that he did so qualify and he was sentenced to twelve years in prison. There was no mention of a minimum mandatory portion of the sentence in either the written plea agreement, the colloquy at sentencing or the sentencing documents. After the defendant began serving his sentence, the Department of Corrections wrote to the trial judge and stated that the sentencing documents did not refer to a mandatory term but they had set up the defendant's record to show a twelve year mandatory sentence pursuant to Florida Statute section 775.084.[1] The defendant filed a motion to correct illegal sentence and the trial judge ruled that the sentence previously imposed by the court would remain in effect.
Since the state maintains and the record shows that the defendant's sentence has never been amended from the original sentence imposed, we affirm. However, this affirmance is without prejudice to the defendant to again challenge his sentence should the Department of Corrections seek to enforce a mandatory term. Washington v. State, 662 So.2d 1027 (Fla. 5th DCA 1995). The imposition of minimum mandatory terms under the habitual offender statute is permissive, not mandatory, so the sentence imposed is not illegal.[2]See State v. Morales, 678 So.2d 510 (Fla. 3d DCA 1996); Zequeira v. State, 671 So.2d 279 (Fla. 3d DCA 1996). Furthermore, if the trial judge had resentenced the defendant to a greater term of imprisonment subsequent to the entry of a jurisdictionally permissible term, it would have constituted double jeopardy. Evans v. State, 675 So.2d 1012 (Fla. 4th DCA 1996); Gonzalez v. State, 596 So.2d 711 (Fla. 3d DCA 1992).
Affirmed.
NOTES
[1] We know of no authority for the Department of Corrections to add additional conditions to a sentence. This is a court function. See Slay v. Singletary, 676 So.2d 456 (Fla. 1st DCA 1996); Thomas v. State, 612 So.2d 684 (Fla. 5th DCA 1993); Wilson v. State, 603 So.2d 93 (Fla. 5th DCA 1992).
[2] We recognize conflict with other districts on this point, see White v. State, 618 So.2d 354 (Fla. 1st DCA 1993); Sims v. State, 605 So.2d 997 (Fla. 2d DCA 1992); Martin v. State, 608 So.2d 571 (Fla. 5th DCA 1992), although the Fourth District has also held that the imposition of mandatory minimum terms is discretionary. See Green v. State, 615 So.2d 823 (Fla. 4th DCA 1993).