W. SHARP, Judge.
Speed appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He complains *749 that his sentence fails to award credit for unforfeited gain tíme as required by State v. Green, 547 So.2d 925 (Fla.1989). We affirm.
In .1988, Speed received a split sentence of four years incarceration, followed by ten years probation. The four year sentence included a three year minimum mandatory term. After being released from prison, he violated probation and was sentenced on April 29, 1992, to fifteen years in prison, “with credit for all time previously served in the Department of Corrections.”
In Forbes v. Singletary, 684 So.2d 173 (Fla.1996), the Florida Supreme Court resolved the question of whether the language in the sentencing form, which provides for “credit for all time previously served in the Department of Corrections,” includes unfor-feited gain time. The holding in that ease is that the language does include an award of credit for unforfeited gain time, as well as for actual time served. Since Speed was originally sentenced in 1988, neither the trial judge nor the Department can forfeit credit for gain time otherwise available under Green, pursuant to section 948.06(6), Florida Statutes (1989) and section 944.28(1), Florida Statutes (1989). Forbes. Thus, the lower court’s ruling denying relief was correct.
If in the future, the Department fails to award the proper gain-time credit, Speed should first file an administrative grievance with the Department. If that remedy fails to obtain an award of the proper gain-time credit, Speed should file a petition for writ of mandamus in the circuit court. See, e.g., Duggan v. Department of Corrections, 665 So.2d 1152 (Fla. 5th DCA 1996); Bland v. State, 664 So.2d 35 (Fla. 5th DCA 1995).
AFFIRMED.
DAUKSCH and COBB, JJ., concur.