688 So.2d 319 (1997)
Harry K. SINGLETARY, Jr., Secretary, Department of Corrections, Petitioner,
v.
Genorval SLAY, Respondent.
No. 88,359.
Supreme Court of Florida.
February 6, 1997.
Susan A. Maher, Deputy General Counsel, Department of Corrections, Tallahassee, for Petitioner.
No appearance for Respondent.
PER CURIAM.
We have for review Slay v. Singletary, 676 So.2d 456 (Fla. 1st DCA 1996). We accepted jurisdiction to answer the following question certified to be of great public importance:
WHEN A DEFENDANT IS RESENTENCED AFTER VIOLATING THE PROBATIONARY PORTION OF A SPLIT SENTENCE IMPOSED FOR A CRIME OCCURRING PRIOR TO OCTOBER 1, 1989, IS THE SENTENCING COURT'S AWARD OF "CREDIT FOR ALL TIME SERVED ON THIS COUNT IN THE DEPARTMENT OF CORRECTIONS PRIOR TO RESENTENCING" SUFFICIENT TO EFFECT THE AWARD OF CREDIT FOR TIME ACTUALLY SERVED AS WELL AS UNFORFEITED GAIN-TIME TO WHICH AN ENTITLEMENT EXISTS UNDER STATE V. GREEN, 547 So.2d 925 (Fla. 1989)?
Id. at 457-58. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Respondent Genorval Slay violated his probation after serving the incarcerative portion of his original split sentence. 676 So.2d at 457. On resentencing, the trial court used the standard form provided in Florida Rule of Criminal Procedure 3.986 and awarded "credit for all time previously served on this *320 count in the Department of Corrections prior to resentencing." Id. Slay subsequently petitioned for a writ of habeas corpus in which he alleged that the Department of Corrections (DOC) failed to allow him credit for gain time awarded during the incarcerative portion of his original split sentence. After the petition was denied, Slay appealed to the First District which vacated the trial court's order denying Slay's petition, reasoning that the sentencing provision in Florida Rule of Criminal Procedure 3.986 allows "the defendant credit for time actually served as well as earned gain time to which an entitlement exists under Green." Id.[1]
We recently addressed this precise issue in Forbes v. Singletary, 684 So.2d 173 (Fla.1996).[2] In Forbes, we explained that "in the absence of language to the contrary, it must be assumed that the sentencing judge's order that Forbes `be allowed credit for all time previously served ... in the Department of Corrections prior to resentencing' contemplated that Forbes should receive credit for unforfeited gain time." Id. at 173 (footnote omitted). Consequently, we found that DOC was obligated under Green to interpret the defendant's sentencing order as including unforfeited gain time. Id. By our ruling, we concluded that "DOC is also obligated to provide appropriate credit to others who are in the same position as Forbes." Id. at 174 n. 3. Thus, Slay is entitled to credit for gain time earned during the incarcerative portion of his original split sentence.
Accordingly, on the authority of Forbes, we answer the certified question in the affirmative and approve the decision under review.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] In State v. Green, 547 So.2d 925, 927 (Fla. 1989), we held that criminal defendants are entitled to "include earned gain-time when computing time served to credit against the sentence imposed after revocation of probation which is part of a probationary split sentence."
[2] The court in Forbes used the sentencing form provided in Florida Rule of Criminal Procedure 3.986, id., as did the sentencing court in Slay.