698 So.2d 575 (1997)
Benjamin GREEN, Petitioner,
v.
STATE of Florida, Respondent.
No. 97-1559.
District Court of Appeal of Florida, Fifth District.
July 25, 1997.
Benjamin Green, East Palatka, pro se.
No Appearance for Respondent.
THOMPSON, Judge.
Benjamin Green filed a motion to invoke this court's jurisdiction to hear his petition for writ of mandamus originally filed and denied in the circuit court. Green was sentenced after violating probation and seeks credit for time he successfully served on probation and for all unforfeited gaintime. We treat this motion as a petition for writ of mandamus. See Fla. R.App. P. 9.040(c). We deny the writ.
Green was sentenced to 17 years incarceration for a violation of probation, and was given credit for 156 days county jail time. The sentence directed the Department of Corrections to apply credit for the original jail time and to "compute and apply credit for time served and unforfeited gaintime awarded during prior service."
Green first claims that he is entitled to credit for the time he successfully served on probation. However, in Young v. State, 697 So.2d 75 (Fla.1997), the Florida Supreme Court ruled that a defendant who violates the probationary portion of a split sentence is not entitled to receive credit for time served on probation against a new sentence of incarceration even if the combined terms of probation *576 and incarceration served and to be served would exceed the statutory maximum. Therefore, Green is not entitled to additional credit on this ground.
Green next alleges that he is entitled to credit for all unforfeited gaintime. He is entitled to credit for the time actually served and all earned gaintime under State v. Green, 547 So.2d 925 (Fla.1989), but any error in calculating the credit is the fault of the Department. In Forbes v. Singletary, 684 So.2d 173 (Fla.1996), the supreme court held that an award of credit for all time previously served includes credit for unforfeited basic and incentive gaintime under Green. Green's sentence is clear and unambiguous, and properly awards credit. If Green has not been given the correct credit, his remedy is to file an administrative complaint with the Department. If the Department fails to correct any error, Green may then file a petition for writ of mandamus in the circuit court within the jurisdiction where he is incarcerated to compel the Department to award the proper credit under Green. See, e.g., Speed v. State, 686 So.2d 748 (Fla. 5th DCA 1997); Smith v. State, 685 So.2d 912 (Fla. 5th DCA 1996). Mandamus in this court is inappropriate.
We deny the petition for writ of mandamus without prejudice to allow Green to seek an administrative remedy.
GOSHORN and ANTOON, JJ., concur.