PER CURIAM.
Tommie Tyson, a state inmate, appeals the denial of his petition for writ of mandamus. *1372 In that petition, Tyson complained that ap-pellee, the Florida Department of Corrections, had failed to properly apply credit for county jail time awarded against his various sentences. The trial court treated Tyson’s petition as a motion under Florida Rule of Criminal Procedure 3.850, and denied same as facially insufficient under the rule. Tyson argues in his initial brief that mandamus was the appropriate remedy in this circumstance, and that the trial court therefore erred in treating his petition as seeking relief under rule 3.850.
In apparent response to the initial brief, appellee moves to relinquish jurisdiction, correctly acknowledging that because Tyson did not contest the amount of credit awarded by the sentencing court, and instead challenged only the manner in which that credit was administratively applied, mandamus was the appropriate remedy. See, e.g., Riddell v. State, 534 So.2d 907 (Fla. 1st DCA 1988). The department therefore suggests that it would be most expedient at this juncture to relinquish jurisdiction to the trial court to entertain the merits of appellant’s claim. We agree that the trial court erred in denying relief on the grounds stated, but rather than relinquishing jurisdiction, we elect to treat appellee’s motion as a confession of error, and in accordance therewith, we REVERSE and REMAND for further proceedings.
MICKLE, LAWRENCE and PADOVANO, JJ., concur.