733 So.2d 1117 (1999)
Kevin Mark STEELE, Appellant,
v.
STATE of Florida, Appellee.
No. 99-0300.
District Court of Appeal of Florida, Fourth District.
May 26, 1999.
Kevin Mark Steele, Indiantown, pro se.
No appearance required for appellee.
PER CURIAM.
We affirm the denial of appellant's motion seeking credit for time served, since the lower court's 1996 sentencing order properly directed that appellant be given credit for time previously served in prison, to be determined by the Department of Corrections ("DOC"). See Singletary v. Slay, 688 So.2d 319 (Fla.1997) (a sentencing order awarding credit for all time previously served is sufficient to alert DOC that the prisoner is entitled to credit for time actually served and any gain time that has not been forfeited). Appellant's *1118 motion did not indicate whether he exhausted his administrative remedies with DOC. Accordingly, this affirmance is without prejudice to the appellant's right to petition the circuit court for a writ of mandamus after exhausting his administrative remedies with DOC, assuming he has not already done so. See Smith v. State, 682 So.2d 147, 149 (Fla. 4th DCA), rev. dismissed, 689 So.2d 1071 (Fla.1997); King v. State, 665 So.2d 377 (Fla. 4th DCA 1996). If, upon the filing of a mandamus petition, it appears that appellant would be entitled to immediate release from incarceration if properly credited with the time he is seeking, the petition should be treated as a petition for writ of habeas corpus. See Waldrup v. Dugger, 562 So.2d 687, 693 (Fla.1990); Slay v. Singletary, 676 So.2d 456, 457 (Fla. 1st DCA 1996), approved, 688 So.2d 319 (Fla.1997).
FARMER, TAYLOR and HAZOURI, JJ., concur.