PER CURIAM.
Gerald A. Rogers petitions this court for certiorari review of an order of the circuit court denying his petition for writ of habe-as corpus. In his petition below, Rogers claimed that respondent’s failure to apply certain provisional credits awarded during the service of the incarcerative portion of his original split sentence to the sentence imposed upon the revocation of probation violated the ex post facto clause. The circuit court denied relief without the benefit of the recent opinion in State v. Lancaster, 24 Fla. L. Weekly S30, 731 So.2d 1227 (Fla.1998), cert. denied, — U.S. -, 119 S.Ct. 1591, 143 L.Ed.2d 684 (1999), and in light of Lancaster, which respondent concedes is controlling, we quash its decision.
While acknowledging that Lancaster dictates that petitioner is entitled to the application of the provisional credits at issue, respondent suggests that rather than having that relief granted directly by the Department of Corrections, the more appropriate course would be to require petitioner and others similarly situated to seek an order of their sentencing court awarding the credit, whereupon it will be applied by the department. The department applied a similar policy with respect to implementation of the decision in State v. Green, 547 So.2d 925 (Fla.1989),. but it was rejected in Forbes v. Singletary, 684 So.2d 173 (Fla.1996), in which the court held that a sentencing court’s award of credit for time served prior to re-sentencing on violation of probation obligates the department to apply Green credit without the necessity of an additional order of the sentencing court. See also Singletary v. Slay, 688 So.2d 319 (Fla.1997). As was the case with Green, the determination of whether an inmate is entitled to relief under Lancaster can be made based on historical facts readily available to the Department of Corrections. We thus reject respondent’s position on the authority of Forbes and Slay, and hold that where the sentence imposed upon violation of the probationary portion of a split sentence includes the award of credit for prison time served prior to re-sentencing, it is the responsibility of the Department of Corrections to apply any credits to which an inmate may be entitled under Lancaster.
In light of the foregoing, we quash the circuit court’s order denying Rogers’ petition for writ of habeas corpus. Because it appears that the granting of relief may well entitle Rogers to his immediate release from custody, we elect to forego remanding this matter to the circuit court for further proceedings, and instead direct respondent to apply credits to which petitioner is entitled under Lancaster to his sentence, and to the extent that action dictates such, to immediately release him from custody.
BARFIELD, C.J., LAWRENCE and BROWNING, JJ, concur.