767 So.2d 1235 (2000)
Steve PEARSON, Petitioner,
v.
Michael W. MOORE, Secretary, Florida Department of Corrections, Respondent.
No. 1D99-2520.
District Court of Appeal of Florida, First District.
August 14, 2000.
Baya Harrison, III, Monticello, for Petitioner.
Susan A. Maher, Deputy General Counsel; Sheron Wells, Assistant General Counsel, Department of Corrections, Tallahassee, for Respondent.
BENTON, J.
By petition for writ of certiorari to review the denial of a petition for writ of *1236 mandamus, we are asked to decide whether the Department of Corrections (DOC) may refuse to give effect to a sentence imposed by a circuit court. Concluding that any such refusal raises overriding questions of separation of powers, we hold that the court below departed from the essential requirements of law, grant the petition for writ of certiorari, quash the order denying the writ of mandamus and remand for proceedings consistent with this opinion.
The petition for writ of mandamus alleged that the sentencing court specified that the incarcerative portion of the sentence in question was to terminate at the same time as another sentence the petitioner was already serving, but that DOC refused to give this provision effect.[1] *1237 When DOC declined to treat the incarcerative portion of the sentence in question as ending along with the earlier sentence, Mr. Pearson filed an informal inmate grievance, a formal grievance, and an administrative appeal, the petition alleges, but DOC denied the grievances and the appeal on grounds that the sentence was incompatible with section 944.275(4)(b)3., Florida Statutes (1997). This provision prohibits the award of gain-time that would result in a prisoner's serving less that eighty-five percent of a sentence.
After exhausting his administrative remedies in this fashion, it is alleged, Mr. Pearson filed a petition for writ of mandamus to compel DOC to give effect to his coterminous[2] sentence. The circuit court in which he filed (which was not the sentencing court) denied the petition, adopting DOC's reasoning:
[Mr. Pearson] was sentenced to an overall thirteen year term in Case No. 96-20 for offenses committed on or after October 1, 1995. Section 944.275(4)(a)3 [sic] is directed to [DOC] and provides that inmates serving sentences imposed for offenses committed on or after October 1, 1995 cannot be released prior to serving 85% of their sentence. Thus, [DOC] has properly structured [Mr. Pearson's] 13 year sentence to run concurrent but not co-terminous to an existing 5 year sentence which was imposed for an offense committed prior to October 1, 1995.
While we do not understand how section 944.275(4)(b)3 can be read as anything more than a limitation on DOC's authority to grant gain-time, we are concerned here with the initial question of DOC's asserted authority to review the legality of sentences imposed by the courts and alter them as it deems fit.
The sentence of which DOC disapproves is the sole authority for Mr. Pearson's incarceration. By refusing to execute the sentence exactly as imposed by the sentencing court, DOC has allegedly transformed what was effectively a five-year term of incarceration into a term of incarceration more than twice as long.
*1238 Under article I, section 9 of the Florida Constitution, once service of a sentence has begun, the state cannot alter it unilaterally to a prisoner's detriment. See Troupe v. Rowe, 283 So.2d 857, 860 (Fla. 1973). The state's limited statutory authority to appeal sentences is exercised by the office that prosecutes the convict who is sentenced. See §§ 924.07, 924.071, Fla. Stat. (1997); see also Fla. R.App. P. 9.140. DOC cannot rescind the state attorney's office's decision not to appeal by stating at this juncture objections to a sentence which was not appealed during the time allowed. DOC is not authorized to appeal the imposition of a sentence.
Here the office that prosecuted Mr. Pearson is alleged to have entered into an agreement with him as to sentence, which the sentencing judge effectuated. If these allegations are true, the state presumably took no appeal because it recognized it was bound by a contract on which it had no intention to renege. Cf. Taylor v. State, 710 So.2d 636, 637 (Fla. 3d DCA 1998); Knight v. State, 611 So.2d 602, 603 (Fla. 2d DCA 1993). DOC cannot undo a bargain the state attorney's office has struck.
At issue is the separation of powers between the judicial and executive branches. See, e.g., Wilson v. State, 603 So.2d 93, 94 (Fla. 5th DCA 1992). There, when resentenced in the wake of a violation of community control, Wilson did not receive full credit for jail time he had previously served. He filed a motion under Florida Rule of Criminal Procedure 3.850 seeking jail credit. On appeal from denial of the motion, the Fifth District said:
[DOC] found the error and communicated assurances that Wilson would receive the appropriate credits. Nevertheless, Wilson is entitled to a judicial award of proper jail time credit. § 921.161(1), Fla. Stat. (1991).... [T]he award of the credit is a judicial task to be accomplished at sentencing rather than an administrative function to be accomplished post-sentencing. [DOC] cannot correct an illegal sentence or render the illegality harmless; the trial court is required to accomplish the task. Jones v. State, 570 So.2d 345 (Fla. 5th DCA 1990).
Wilson, 603 So.2d at 94 (emphasis supplied). Accordingly, the Fifth District remanded for a judicial determination on the issue of jail-time credit in the trial court. The Wilson court made clear that DOC has no authority to amend, "correct," or otherwise alter a sentence imposed by a sentencing court. Sentencing is an exclusively judicial function.
Separation of powers was also the basis for decision in Hudson v. State, 682 So.2d 657 (Fla. 3d DCA 1996), where DOC "wrote to the trial judge and stated that the sentencing documents did not refer to a mandatory term but they had set up the defendant's record to show a twelve year mandatory sentence pursuant to Florida Statute section 775.084." Id. at 658. Hudson filed a motion to correct sentence which the trial court denied. Because the sentence as originally pronounced was never altered, the appeals court affirmed. Id. In doing so, however, the Third District ruled that "this affirmance is without prejudice to the defendant to again challenge his sentence should [DOC] seek to enforce a mandatory term." Id. The court described sentencing as "a court function" and professed no knowledge of any authority for DOC "to add additional conditions to a sentence." Id. at 658 n. 1.
There is, of course, no such authority. DOC is an executive branch agency charged with faithfully implementing sentences imposed by the courts. "Administrative agencies are creatures of statute and have only such powers as statutes confer. State ex rel. Greenb[e]rg v. Florida State Board of Dentistry, 297 So.2d 628, 634 (Fla. 1st DCA 1974)." Fiat Motors of N. Am. v. Calvin, 356 So.2d 908, 909 (Fla. 1st DCA 1978). See Art. I, § 18, Fla. Const. ("No administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except *1239 as provided by law." (emphasis supplied)).
"The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein." Art. II, § 3, Fla. Const. As part of the executive branch, DOC lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions. See Slay v. Singletary, 676 So.2d 456, 457 (Fla. 1st DCA 1996) ("[DOC] lacks the authority to correct an illegal sentence or render the illegality harmless."); Wilson, 603 So.2d at 94; see also Hudson, 682 So.2d at 658 n. 1. Sentencing is a power, obligation, and prerogative of the courts, not DOC. See Thomas v. State, 612 So.2d 684, 684 (Fla. 5th DCA 1993); Wilson, 603 So.2d at 94.
Accordingly, we grant the petition for writ of certiorari, quash the order below, and remand for further proceedings. If the allegations of the petition for writ of mandamus are proven, the writ should issue.
ALLEN and LAWRENCE, JJ., CONCUR.
NOTES
[1] The petition for writ of mandamus alleged, as follows:

4. On September 16, 1996, Mr. Pearson entered into an agreement with the State to plead guilty as charged to the offenses in Hamilton County Circuit Court Case No. 96-20-CF to 13 years in prison as an habitual offender followed by 3 years of probation with the first year of said probation to be served in an inpatient drug treatment facility. Furthermore, the plea agreement provided that Mr. Pearson's 13 year prison sentence was to run concurrent and co-terminous with his other, earlier imposed five year prison sentence imposed on January 15, 1996.
5. On November 8, 1996, the Circuit Court for the Third Judicial Circuit in and for Hamilton County, Florida, accepted the above plea and sentenced Mr. Pearson according to the terms of said plea agreement.
6. On June 23, 1997, Mr. Pearson filed a "motion to correct clerical mistake" in the Circuit Court for the Third Judicial Circuit in and for Hamilton County, Florida. In the motion, he requested the court to correct his judgment and sentence to reflect the judge's oral pronouncement (which was based on the plea agreement accepted by the court) by providing that Mr. Pearson's 13 year prison sentence was to run co-terminous with his other earlier imposed prison sentence which began on or about July 14, 1995.
7. On July 16, 1997, the court entered an order granting Mr. Pearson's motion to correct clerical mistake. The court's order provided,
"Having reviewed the above-styled Motion filed on the 23rd day of June, 1997, the Court corrects the commitment papers of Defendant on the above-numbered case in the following manner: Defendant's sentence which began on 1/15/961 is to be concurrent and co-terminus [sic] to his preceding active sentence in accordance with the plea agreement signed on 9/19/96." (Emphasis supplied.)
8. Since that time, the Department of Corrections has refused to structure Mr. Pearson's sentence according to the above order. This is evidenced by the DOC's responses to (and denial of) Mr. Pearson's informal grievance addressed to his classification officer at Mayo Correctional Institution, formal grievance addressed to the Superintendent of Mayo Correctional Institution, and the administrative appeal addressed to the Hon. Harry K. Singletary, Secretary, Florida Department of Corrections.
9. On November 16, 1998, Mr. Pearson filed a petition for writ of mandamus in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida. The relief sought was that court's writ of mandamus compelling the respondent to perform its ministerial duty imposed by law by structuring Mr. Pearson's sentence according to the above referenced July 16, 1997 order of the Circuit Court of Third Judicial Circuit in and for Hamilton County, Florida in Case No. 96-20-CF.
10. On February 23, 1999, the circuit court issued an order to show cause.
11. On April 20, 1999, the Department of Corrections filed its response to the court's order to show cause. In this regard and as discussed in more detail below, the DOC essentially argued that it could not structure Mr. Pearson's 13-year prison sentence so as to run co-terminously with the earlier imposed five-year prison sentence because the 13-year sentence was subject to the 85-percent law.
12. On May 18, 1999, Mr. Pearson filed his reply to the Department of Corrections' response.
13. On June 18, 1999, the court entered an order denying Mr. Pearson's petition for writ of mandamus.
1 We note that according to the petitioner, his first sentence began on or about July 14, 1995 rather than January 15, 1996 as indicated in the court's order.
(Parenthetical references to appendix omitted.) DOC's position has consistently been that the sentence's coterminous provision conflicts with section 944.275(4)(b)3., Florida Statutes (1997).
Although a "truth in labeling" issue can be said to exist, since at least the incarcerative portion of the nominal thirteen-year sentence would in fact terminate upon completion of a shorter sentence, DOC conceded at oral argument that concurrent sentences for the new crimes of the same or even shorter duration could lawfully have been imposed, if worded differently. Any ambiguity inherent in the sentence as it was in fact worded should be resolved in favor of the defendant. See Fla. R.Crim. P. 3.703(d)(15)(D) and (E); generally Dautel v. State, 658 So.2d 88, 90 (Fla.1995); Williams v. State, 528 So.2d 453, 454 (Fla. 5th DCA 1988) ("The rule of law in all criminal cases is that any ambiguity in statutes, rules, verdicts, judgments, sentences, and any other matter is resolved in favor of the accused.").
[2] A coterminous sentence has been defined as a sentence that runs concurrently with another and terminates simultaneously. See Madden v. State, 535 So.2d 636, 637 n. 1 (Fla. 5th DCA 1988). Mr. Pearson has also been ordered to serve a probationary term after his release from prison. In order to decide the present case, we need notand, therefore, do notreach the question of statutory interpretation on which DOC volunteered its views.

We note, however, that, since enactment of the Stop Turning Out Prisoners Act, Ch. 95-294, §§ 1, 2, and 5, at 2717-2718, Laws of Fla., the Second and Third Districts have concluded that coterminous sentences may be legally impossible in certain circumstances. See Obaya v. State, 723 So.2d 924, 925 (Fla. 3d DCA 1999); Turner v. State, 689 So.2d 1107, 1110 (Fla. 2d DCA 1997); see also Nieves v. State, 24 Fla. L. Weekly D591, ___ So.2d ___, 1999 WL 104437 (Fla. 3d DCA Feb.24, 1999). On this premise, those courts approved defendants' withdrawing pleas postjudgment upon DOC's refusal to honor the sentences imposed by the sentencing court. See id. These opinions do not address the question whether mandamus may lie to compel DOC to implement coterminous sentences.
Here, Mr. Pearson does not seek to withdraw his plea. Instead, he asks to serve only the sentence the trial court imposed, and raises the question whether DOC has the authority to declare a sentence illegal, although it was duly pronounced by the trial court and never appealed.