PER CURIAM.
James E. Hall filed a Petition for Writ of Certiorari seeking review of the lower court’s order denying his Petition for Writ of Mandamus. We grant the petition and quash the order below.
In three separate proceedings, Hall received a series of consecutive sentences. He would first serve four and one-half years, followed by a 20-year habitual felony offender sentence (with 311 days of jail credit), and then a final three-year term.[1] However, after he began serving the first portion of his sentences, the convictions that resulted in the habitual felony offender sentence were reversed. See Hall v. State, 634 So.2d 1124 (Fla. 5th DCA 1994). Following a new trial, he was again convicted and sentenced as an habitual felony offender. This time, he received a 13-year habitual felony offender sentence that was again imposed consecutive to his other sentences. The new sentence was imposed three days prior to his completion of the first segment of his consecutive sentences.
Initially, the trial court awarded Hall 442 days of jail credit, as well as any prison time that he may have already served on this sentence. The trial court later amended the sentence by reducing the amount of jail credit back to the original 311 days he had received before the first sentence was imposed. Hall filed a motion to correct an illegal sentence in 1995, seeking an award of over 1,000 days of credit for the time he had spent in custody between his arrest and the second trial. Despite the fact that he had never begun to serve any of his habitual offender sentence prior to the sentence imposed after the new trial, the trial court granted the motion and specifically ordered that Hall receive 1,012 days of credit for time previously served. The order did not delegate to the Department the task of determining whether Hall was entitled to credit for any pre-sentence prison time and, if so, how much.
Despite the specific order, the Department determined that Hall was not entitled to 693 of the 1,012 days because this represented the time that he was in Department custody and serving his four and one-half-year sentence, not his habitual felony offender sentence. Although this is the argument that the State should have raised at Hall’s hearing on his motion to correct his sentence, the Department does not have the authority to review and reject a trial court’s specific award of credit. See Pearson v. Moore, 767 So.2d 1235, 1239 (Fla. 1st DCA 2000) (“As part of the executive branch, DOC lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions.”); Slay v. Singletary, 676 So.2d 456, 457 (Fla. 1st DCA 1996) (en banc), aff'd, 688 So.2d 319 (Fla.1997) (“[T]he Department of Corrections lacks the authority to correct an illegal sentence or render the illegality harmless.”); Wilson v. State, 603 So.2d 93, 94 *1107 (Fla. 5th DCA 1992) (holding that “the award of the credit is a judicial task to be accomplished at sentencing rather than an administrative function to be accomplished post-sentencing”). “Sentencing is a power, obligation, and prerogative of the courts, not DOC.” Pearson, 767 So.2d at 1239.
Accordingly, we find that the lower court departed from the essential requirements of law in denying Hall’s petition, GRANT the Petition for Writ of Certiora-ri, QUASH the order below, and REMAND with directions to grant the Petition for Writ of Mandamus.
MINER, ALLEN and BENTON, JJ., concur.

. There were 10 convictions involved and some variation in the amount of credit for each conviction, but, for the sake of simplicity, we refer only to the net effect of the three sentencing proceedings.