816 So.2d 1254 (2002)
John McKOWEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-711.
District Court of Appeal of Florida, Fifth District.
May 31, 2002.
*1255 John McKowen, Sneads, pro se.
No Appearance for Appellee.
PALMER, J.
John McKowen, (defendant) appeals the summary denial of his motion to correct illegal sentence filed pursuant to rule 3.800(a) of the Florida Rules of Criminal Procedure. The defendant was tried and convicted of committing the crime of attempted second degree murder of a law enforcement officer and subsequently sentenced as a habitual offender to a term of 30 years imprisonment. He was also convicted of aggravated battery of a law enforcement officer, but no sentence was imposed thereon. On direct appeal, this court affirmed the defendant's convictions and sentence. See McKowen v. State, 792 So.2d 1251 (Fla. 5th DCA 2001).
In his rule 3.800(a) motion, McKowen argued that his habitual offender sentence was illegal because section 775.0823 of the Florida Statutes (1999) required that he be sentenced pursuant to the Criminal Punishment Code. The trial court denied McKowen's motion without explanation and McKowen thereafter timely filed this appeal.
Although McKowen notes that a sentence which is illegal on the face of the record can be corrected in a rule 3.800(a) proceeding, he does not expressly assert that it can be determined from the face of the instant record that his sentence is illegal. See State v. Mancino, 714 So.2d 429 (Fla.1998)(holding that sentencing issue is cognizable in rule 3.800 proceeding when it is affirmatively alleged that the court records demonstrate on their face entitlement to relief). Accordingly, on that basis alone, the trial court may have denied McKowen's motion as being technically deficient and we affirm on that basis. However, denial on that ground must be without prejudice. See Vaughan v. State, 769 So.2d 530 (Fla. 5th DCA 2000) (holding that denial of rule 3.800(a) motion would be affirmed without prejudice to refile motion alleging that error is apparent from face of the record). Accordingly, the trial court's order is affirmed, without prejudice to McKowen's filing a facially sufficient motion.
AFFIRMED without prejudice.
THOMPSON, C.J., and HARRIS, J., concur.