869 So.2d 766 (2004)
Corey DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-4896.
District Court of Appeal of Florida, First District.
April 13, 2004.
Appellant, pro se.
Charlie Crist, Attorney General, and Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his rule 3.800(a) motion seeking jail credit for the incarcerative portion of his probationary split sentence. Because the trial court failed to attach documentation conclusively refuting the appellant's allegation or evidencing a waiver of such credit, we reverse.
The appellant alleges that his sentence for violation of probation is illegal because he was not granted credit for the time served on the incarcerative portion of his original sentence. He further contends that he would be entitled to immediate release on his violation of probation sentence if awarded the proper amount of prison credit. The record indicates the appellant received a "probationary split sentence" of three years of incarceration, none of which was suspended, followed by *767 three years of probation. See, e.g., Poore v. State, 531 So.2d 161, 164 (Fla.1988.)
Upon violating the probationary portion of a split sentence, a defendant is entitled to credit for time served on the incarcerative portion, unless a waiver of such credit is clearly evidenced in the record. Wells v. State, 751 So.2d 703, 704 (Fla. 1st DCA 2000); Singletary v. Slay, 688 So.2d 319 (Fla.1997). Here, the trial court summarily denied the appellant's motion for additional jail credit without attaching portions of the record to refute the appellant's claim. See Moore v. State, 741 So.2d 577 (Fla. 5th DCA 1999). We, therefore, reverse the order, and remand with instructions to the trial court to attach documentation conclusively refuting the appellant's allegation or for an award of such credit.
REVERSED and REMANDED.
ALLEN, PADOVANO and LEWIS, JJ., concur.