881 So.2d 88 (2004)
Trizell E. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2138.
District Court of Appeal of Florida, Fifth District.
August 20, 2004.
Trizell E. Johnson, Wewahitchka, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Trizell E. Johnson appeals the summary denial of his Rule 3.800(a) motion for credit for time served. We reverse.
Johnson alleged that in Volusia County Circuit Court Case Nos. 98-31078 and 98-31079, he was sentenced as a youthful offender to a total of four years incarceration followed by two years probation. On 9 January 2003, Johnson admitted violating his probation, and on 3 February 2003, Johnson was sentenced to 22 months incarceration, with credit for 150 days served in the Department of Corrections ("DOC"). In his 3.800(a) motion, Johnson alleged that the trial court failed to direct the DOC to calculate his time served in prison prior to the revocation of probation. The trial court found Johnson's motion to be facially insufficient because he did not allege that the error was apparent on the face of the record.
Attached to Johnson's motion was a partial copy of his written sentence in Case No. 98-31079, which shows that the trial court did not check the box instructing the DOC to compute and apply credit for time previously served in state prison. See § 921.0017, Fla. Stat. (2003). Therefore, the error is apparent on the face of the record, and the trial court should have corrected the sentence. Although Johnson did not allege that the error was apparent on the face of the record,[1] the attached written portion of his sentence showed he *89 did not receive prison credit from the trial court. See Scott v. State, 872 So.2d 1011 (Fla. 5th DCA 2004) (defendant was entitled to prison credit following revocation of his probation, and sentencing court erred by not authorizing DOC to compute and apply credit for time served in state prison).
The order denying relief is REVERSED, and the case REMANDED to the trial court for the correction of defendant's sentence.
PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] Cf. Fritzner v. State, 864 So.2d 574 (Fla. 5th DCA 2004); McKowen v. State, 816 So.2d 1254 (Fla. 5th DCA 2002).