PER CURIAM.
The appellant challenges the summary denial of his motion seeking prison credit filed pursuant to Florida Rule of Criminal Procedure 3.800. The appellant seeks two years of prison credit for the initial time served on the incarcerative portion of a split sentence.
A defendant is entitled to credit for time he has already served on the incarcerative portion of a split sentence. Pierson v. State, 801 So.2d 1055 (Fla. 1st DCA 2001); See Corpus v. State, 744 So.2d 594 (Fla. 2d DCA 1999) (noting that a defendant is entitled to prison credit for time already served in prison on the charges). The trial court failed to attach any documents, such as the written judgment and sentence, that conclusively establish that the appellant received two years of prison credit towards the sentences imposed in case numbers 90-3531, 90^4924, and 90-5261 for time previously served on those cases, or that the appellant is not entitled to such credit. Thus, we reverse the denial of the appellant’s motion and remand for the trial court to grant relief or attach documents refuting the appellant’s allegations. See Pierson.
REVERSED and REMANDED.
WOLF, WEBSTER and BROWNING, JJ., Concur.