PER CURIAM.
 

 The defendant appeals an order denying his Florida Rule of Criminal Procedure 8.800 motion seeking prison credit for the time he served on the incarcerative portion of his probationary split sentence. Because the trial court has failed to attach documentation conclusively refuting the defendant’s allegation, we reverse and remand for further proceedings. The defendant was resentenced in December 2005, following a confession of error and opinion of this Court.
 
 Moore v. State,
 
 840 So.2d 274 (Fla. 3d DCA 2003).
 

 A defendant is entitled to credit for the time served on the incarcerative portion of a probationary split sentence.
 
 Yarbrough v. State,
 
 926 So.2d 448 (Fla. 1st DCA 2006);
 
 Davis v. State,
 
 869 So.2d 766 (Fla. 1st DCA 2004);
 
 Pierson v. State,
 
 801 So.2d 1055 (Fla. 1st DCA 2001). While the court relied on documents showing credit for the time the defendant spent in county jail, the trial court did not attach documents that conclusively show that the defendant received credit for the time spent in prison on this charge, or that he waived any such credit at the time of resentencing. It is true that the pro se defendant referred to the credit that he was seeking as “jail credit” on the form motion. However, in the context of the motion as a whole it was clearly a request for credit for prison time served.
 

 Reversed and remanded.