PER CURIAM.
We reverse the trial court’s order denying appellant’s emergency motion to correct illegal sentence. The motion claimed that the court failed to check the prison credit box on her sentence and that as a result the Department of Corrections has failed to grant her credit for the 252 days that she previously served in prison before the revocation of the probationary portion of her split youthful offender sentence in this case. The State concedes that remand is necessary.
A defendant is entitled to credit for time served in prison prior to a violation of probation under a split sentence. Layman v. State, 787 So.2d 44, 45 (Fla. 2d DCA 2001) (citing Singletary v. Slay, 688 So.2d 319 (Fla.1997), and Steele v. State, 733 So.2d 1117 (Fla. 4th DCA 1999)). It is well-settled that a court’s failure to check the prison credit box — which directs the Department of Corrections to calculate the *663 amount of prison credit-can be raised in a rule 3.800(a) motion. E.g., Criswell v. State, 942 So.2d 1029, 1030 (Fla. 4th DCA 2006); Johnson v. State, 881 So.2d 88, 88 (Fla. 5th DCA 2004); Swain v. State, 845 So.2d 314, 315 (Fla. 2d DCA 2003).
Because appellant appears entitled to immediate release from prison if awarded this credit, we remand with directions that the trial court immediately address this matter. The court shall enter an order explaining why appellant is not entitled to her prior prison credit or shall enter a corrected sentence and immediately transmit the corrected sentence to the Department of Corrections.

Reversed and Remanded.

DAMOORGIAN, C.J., TAYLOR and KLINGENSMITH, JJ., concur.