# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D21-2714
_____

SCOTTY RHODEN,

 Appellant,

v.

STATE OF FLORIDA,

 Appellee.

_____

On appeal from the Circuit Court for Baker County.
Mark W. Moseley, Judge.

September 21, 2022

PER CURIAM.

 Appellant, Scotty Rhoden, in his official capacity as the Sheriff of Baker County, appeals the trial court's Order Granting Petition for Writ of Mandamus in favor of Appellee, the State of Florida. The parties stipulated below that Donald Shrowder, who is not a party to these proceedings, was convicted of battery and sentenced to serve sixty days in the Baker County Jail. Sheriff Rhoden released Shrowder from jail under electronic monitored supervision after he had served only four days of his sixty-day jail sentence, instructing him to remain on electronic monitoring at his home or at his place of employment for sixty days. The parties further stipulated that the Sheriff had released Shrowder on electronic monitoring without court authorization and in the absence of an administrative order within the Eighth Judicial

Circuit that would have allowed the release. The trial court granted the State's ensuing mandamus petition and directed the Sheriff to return Shrowder from electronic monitored release to the custody of the jail so he could serve the sixty-day jail sentence the court had imposed. The order was stayed pending this appeal.

We affirm the trial court's order granting the petition for writ of mandamus because the Sheriff, as a constitutional officer within the executive branch of government, had a ministerial duty to implement the sentence imposed by the court. *Cf. Pearson v. Moore*, 767 So. 2d 1235, 1238–39 (Fla. 1st DCA 2000), *approved and remanded*, 789 So. 2d 316 (Fla. 2001) (stating that sentencing "is an exclusively judicial function" that is the "power, obligation, and prerogative of the courts" and that the Department of Corrections "is an executive branch agency charged with faithfully implementing sentences imposed by the courts" and "lacks the power . . . to add or delete sentencing conditions"); *Chandler v. Fla. Dep't of Corr.*, 308 So. 3d 219, 219–20 (Fla. 1st DCA 2020) ("DOC's ministerial duty is to implement those [unambiguous] sentences as written." (citation omitted)).

AFFIRMED.

LEWIS, TANENBAUM, and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Cord Byrd, Atlantic Beach, for Appellant.

Ashley Moody, Attorney General, Tallahassee; Brian S. Kramer, State Attorney, Gainesville, for Appellee.

2