516 So.2d 73 (1987)
Steven J. SHUPE, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2269.
District Court of Appeal of Florida, Fifth District.
December 3, 1987.
James B. Gibson, Public Defender, and James R. Wulchak, Chief, Appellate Div., Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
UPCHURCH, Chief Judge.
We affirm appellant's conviction for burglary of a structure. We also affirm the sentence except that we strike the portion ordering that no gain time shall be allowed until restitution is paid.
It is well settled that a trial court is without authority to prevent gain time and that the award of gain time, pursuant to section 944.275, Florida Statutes, is solely within the province of the Department of Corrections.[1]Causey v. State, 504 So.2d 34 (Fla. 1st DCA 1987); Hall v. State, 493 So.2d 93 (Fla. 2d DCA 1986); Valdes v. State, 469 So.2d 868 (Fla. 3d DCA 1985).
AFFIRMED in part; REVERSED in part.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] Prior to October 1, 1986, section 27.3455, Florida Statutes, provided that court costs imposed would have to be paid in full prior to the granting of gain time. As amended effective October 1, 1986, the statute deletes this language.