NESBITT, J.
On a Rule 3.850 motion, Benjamin Nieves challenges the validity of his sentence, pursuant to a guilty plea, on a charge of lewd assault. We agree with Nieves that the length of the sentence was improperly calculated. Therefore, we vacate the sentence and remand to the trial court, for the reasons stated below.
On September 12, 1997, Nieves was sentenced, pursuant to a guilty plea, to thirty months in prison, followed by five years probation, on a lewd assault charge. At the time of this sentencing, Nieves was already in prison serving a thirty-month sentence for a similar crime on the same victim in Monroe County. The trial judge orally pronounced that: (1) Nieves would receive credit for time served in the Monroe case, from July 16, 1996, until the date of sentencing, September 12, 1997; and (2) the current sentence would be concurrent and coterminous with the Monroe sentence.[1] As it turned out, neither of these pronouncements was followed, resulting in the instant appeal.
On the credit for time served issue, the oral pronouncement of the judge was not reflected on Nieves’s sentencing document. Rather than showing credit for the period from July 16, 1996, through September 12, 1997-a period of fourteen months-the sentencing document only credited Nieves with eight days. The State concedes error. A defendant’s sentence must conform to the oral pronouncement of the sentence. See Amador v. State, 713 So.2d 1121 (Fla. 3d DCA 1998); see also Stevens v. State, 651 So.2d 831 (Fla. 1st DCA 1995); Timmons v. State, 453 So.2d 143 (Fla. 1st DCA 1984). Upon remand, we direct the trial court to award full credit for time served. In this instance, the correction of credit for time served Would effectively reduce Nieves’s sentence from thirty months to sixteen months, which would have moved Nieves’s release date up to January 1999. Thus, it appears to us that Nieves’s immediate release from prison is warranted, and we direct the trial court to resolve this matter as expeditiously as possible.
Regarding the instant sentence being coterminous with the Monroe County *296 sentence, Nieves’s position is also well taken. Although the judge pronounced that the Dade sentence would be concurrent and coterminous with the Monroe sentence, and the sentencing document reflects this, section 944.275(4)(b)3, Florida Statutes (1997), prevents this limitation of the Dade sentence, as that statute requires that a prisoner serve 85 percent of his sentence before release. Thus, the plea Nieves agreed to-which included the coterminous sentence-was a legal impossibility. Had the credit for time served issue not resolved this case in Nieves’s favor, then we would be required to remand with directions to allow Nieves to withdraw his plea, if he so desired. See Turner v. State, 689 So.2d 1107 (Fla. 2d DCA 1997). As it stands, however, the coterminous issue is mooted by Nieves’s pending release. We mention it nonetheless, in order to point out that consideration of section 944.275(4)(b)3 is due whenever a trial court orders a coterminous sentence.
For the foregoing reasons, we hereby reverse the order denying Nieves’s motion, vacate the sentence under review, and remand with instructions for the trial court to enter the thirty-month sentence with the proper credit for time served.
Rehearing is dispensed with and the mandate will issue immediately.

. The trial judge's oral pronouncement of sentence was:
As to Benjamis Nieves, case 97-10623, I’m going to accept your plea of guilty, adjudicate you guilty, sentence you to 30 months, that’s three zero months, in State prison, followed by five years probation.... On your prison sentence you will receive credit time served from July 16, 1996, until today (September 12, 1997) and that sentence will be concurrent and coterminous with your other sentence that you are presently- serving out of Monroe County.