PER CURIAM.
Rory Mark Podvin appeals an order denying postconviction relief. We reverse.
Defendant-appellant Podvin entered into a plea bargain in Miami-Dade County Circuit Court case number 98-28552, whereby his thirteen-month sentence in that case was to be concurrent and coterminous with Orange County Circuit Court case numbers 99-5117 and 99-6822. The Department of Corrections takes the position that by virtue of the 85% rule contained in section 944.27, Florida Statutes (1997), the thirteen-month Dade County sentence cannot be shortened to be coterminous with the Orange County sentences. The Orange County sentences have expired, but defendant remains incarcerated on the Miami-Dade County sentence.
Defendant viewed this as being a matter of the Miami Dade County Circuit Court failing to grant sufficient credit for time served against the Miami Dade County sentence. Defendant filed a motion for additional jail time credit, which was denied. In its response, the State argues that the defendant has been granted all of the jail credit he is owed against the Miami Dade County sentence, based on his jail card.
The State acknowledges, however, that the true problem is that the plea bargain cannot be carried out as the parties contemplated, because the Miami Dade County sentence cannot be coterminous with the Orange County sentences. Consequently we treat the matter before us as an appeal from an order denying postcon-viction relief, and reverse and remand with directions to allow the defendant to withdraw his plea. See Nieves v. State, 24 Fla.L.Weekly D591, — So.2d -, 1999 WL 104437 (Fla. 3d DCA Feb.24, 1999); Turner v. State, 689 So.2d 1107 (Fla. 2d DCA 1997). Defendant may also renew his request for additional jail credit if he has a basis for such a claim.
Reversed and remanded.