789 So.2d 316 (2001)
Michael W. MOORE, Petitioner,
v.
Steve PEARSON, Respondent.
No. SC00-2166.
Supreme Court of Florida.
May 10, 2001.
Rehearing Denied June 20, 2001.
Susan A. Maher, Deputy General Counsel and Sheron Wells, Assistant General Counsel, Tallahassee, FL, for Petitioner.
*317 Baya Harrison, III, Monticello, FL, for Respondent.
HARDING, J.
We have for review the decision of the First District Court of Appeal in Pearson v. Moore, 767 So.2d 1235 (Fla. 1st DCA 2000), which expressly construes a provision of the Florida Constitution. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
Respondent Steve Pearson is an inmate in the custody of the Department of Corrections (DOC). Pearson was sentenced as an habitual offender in November 1996 under the terms of a plea agreement providing that the incarcerative portion of his thirteen-year sentence was to run concurrent and coterminous with an earlier imposed five-year prison sentence.[1] After DOC declined to treat the incarcerative portion of Pearson's habitual offender sentence as terminating at the same time as the earlier sentence, Pearson filed a grievance and pursued his administrative remedies. DOC denied relief on the grounds that Pearson's sentence under the plea agreement was incompatible with section 944.275(4)(b)3, Florida Statutes (1997),[2] which prohibits the award of gain-time for offenses committed on or after October 1, 1995, that would result in a prisoner serving less than eighty-five percent of the sentence imposed. All of the offenses for which Pearson was sentenced as an habitual offender were committed after October 1, 1995. After exhausting his administrative remedies, Pearson filed a petition for a writ of mandamus with the circuit court to compel DOC to give effect to the plea agreement provision that his sentence run coterminous with his earlier imposed sentence. The circuit court denied the petition, finding that the statute required DOC to structure Pearson's thirteen-year habitual offender sentence to run concurrent but not coterminous with his existing five-year sentence.[3]
Pearson then filed a petition for a writ of certiorari with the First District Court of Appeal to review the trial court's denial of mandamus. The district court concluded that DOC may not refuse to give effect to a sentence imposed by a circuit court, *318 granted Pearson's certiorari petition, quashed the order denying mandamus, and remanded for further proceedings. The district court further noted that if the allegations in Pearson's petition for writ of mandamus are proven, then the writ should issue. Pearson, 767 So.2d at 1239.
The State sought review of the district court's decision in this Court on the basis that the opinion expressly construed the constitutional separations of power doctrine in article II, section 3 of the Florida Constitution.[4] The State further argued that the district court's decision expressly and directly conflicts with the decisions of other district courts in Turner v. State, 689 So.2d 1107 (Fla. 2d DCA 1997), and Nieves v. State, 779 So.2d 294 (Fla. 3d DCA 1999), on the same question of law.[5]
This Court accepted jurisdiction and granted DOC's motion to stay the mandate of the district court's decision pending our review of the case. In light of the stay and Pearson's liberty interest, the Court granted expedited review of the cause.
In the conflict case, two other district courts have concluded that defendants should be permitted to withdraw their plea agreements premised upon a coterminous sentence where the sentence would be a "legal impossibility" because of the eighty-five percent requirement in section 944.275(4)(b)3. Turner, 689 So.2d at 1110 (reversing trial court's summary denial of 3.850 motion seeking to withdraw nolo plea and proceed to trial); see also Nieves, 779 So.2d at 296 (finding that defendant would be entitled to withdraw plea, except that coterminous issue was mooted by pending release due to correction of sentence for credit for time served).
In Turner, the Second District Court of Appeal explained that section 944.275(4)(b)3 is the "critical underpinning" of the inmate's claim. 689 So.2d at 1109. The court reasoned that the "obvious" legislative intent embodied in this statutory provision "is to stop the early release of prisoners because of the awarding of gain-time credits by requiring that such prisoners serve a minimum of eighty-five percent of sentences imposed for offenses committed on or after October 1, 1995." Id. After examining the plea transcript, the court concluded that the defendant's "pleas were the product of a mistaken assumption, induced by the trial court with the agreement of the state, that his new sentences would terminate at the conclusion of his earlier sentence." Id. at 1110. However, "section 944.275(4)(b)3 made such an assumption not just a mistake but a legal impossibility." Id.
In contrast, in Pearson the First District Court concluded that section 944.275(4)(b)3 cannot "be read as anything more than a limitation on DOC's authority to grant gain-time." 767 So.2d at 1237. The court further noted that the coterminous sentence is the sole authority for Pearson's incarceration and by refusing to execute the sentence exactly as imposed by the sentencing court, "DOC has allegedly transformed what was effectively a five-year term of incarceration into a term of incarceration more than twice as long." Id. According to the district court, DOC was attempting to undo a bargain that the *319 state attorney's office struck and chose not to appeal. Id. at 1238. Further, the court concluded that DOC has violated the separation of powers doctrine by invading the exclusive power of the judiciary to impose sentences. Id. at 1238-39.
After hearing argument by the parties and reviewing the briefs and pertinent law, we concur with the First District Court's conclusion that section 944.275(4)(b)3 is nothing more than a limitation on DOC's authority to grant gaintime. See Pearson, 767 So.2d at 1237. Further, we agree that the coterminous sentence of which DOC disapproves is the sole authority for Pearson's incarceration here. See id.
"The purpose of gain time is to allow DOC to reduce a sentence `in order to encourage satisfactory prisoner behavior, to provide incentive for prisoners to participate in productive activities, and to reward prisoners who perform outstanding deeds or service.'" Singletary v. Evans, 676 So.2d 51, 53 (Fla. 5th DCA 1996); see also § 944.275(1), Fla. Stat. (2000). The authority to regulate gain time resides exclusively within the Department of Corrections pursuant to chapter 944, Florida Statutes. See State v. Green, 547 So.2d 925, 927 (Fla.1989); Walker v. State, 619 So.2d 518, 519 (Fla. 1st DCA 1993). Where a sentencing court attempts to either bar or grant gain time awards, those portions of the sentencing order have been struck or treated as "surplusage." See Singletary v. Coronado, 673 So.2d 924 (Fla. 2d DCA 1996) (holding that trial court lacked authority to award gain time to prisoners who testified at state's behest); Shupe v. State, 516 So.2d 73 (Fla. 5th DCA 1987) (striking portion of sentence ordering that no gain time be allowed until restitution was paid); Hall v. State, 493 So.2d 93 (Fla. 2d DCA 1986) (finding that trial court could not bar gain time upon violation of probation by defendant).
Contrary to DOC's contention here, however, an otherwise lawful coterminous sentence[6] does not constitute "court-ordered gain time" whereby the sentencing court is directly ordering DOC to award gain time. Nor can such a sentence be treated as "surplusage" in the sentencing order, as the DOC asserts. Instead, a coterminous sentence is a sentencing decision in which a court exercises its discretion to mitigate a defendant's sentence. Cf. Singletary v. Marchetti, 691 So.2d 65 (Fla. 3d DCA 1997) (treating sentencing order giving credit for county jail gain time as a mitigation of sentence rather than an award of gain time); Gaston v. State, 613 So.2d 496 (Fla. 2d DCA 1993) (same). Accordingly, DOC violates the separation of power doctrine when it refuses to carry out the sentence imposed by the court. See art. I, § 18, Fla. Const. ("No administrative agency ... shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law.").
Finally, even if we did not conclude that this issue was dispositive, Pearson would still be entitled to relief in this case. See art. I, § 9, Fla. Const.; Troupe v. Rowe, 283 So.2d 857, 860 (Fla.1973) (concluding that in case where defendant entered guilty pleas and court made finding of guilt and entered sentence jeopardy had attached and sentence could not be increased without violating constitutional *320 guarantee against double jeopardy). Pearson and the State entered into an agreement as to the coterminous sentence, which the sentencing judge effectuated. Further, the State took no appeal.
For these reasons, we lift our stay of the district court's mandate, approve the decision below, and remand for further proceedings. We disapprove Turner and Nieves to the extent that they are inconsistent with our opinion here.
It is so ordered.
SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, C.J., concurs with an opinion, in which QUINCE, J., concurs.
WELLS, C.J., concurring.
I concur that the decision of the district court is correct under the facts of this case. I do have serious concerns as to whether a coterminous sentence is a legal sentence. However, that was not properly raised in this case.
QUINCE, J., concurs.
NOTES
[1] According to the plea agreement and sentence imposed by the court, the incarcerative portion of Pearson's thirteen-year sentence coterminated with the earlier imposed five-year sentence. However, the sentencing court provided that the probationary part of Pearson's sentence would follow his incarceration and would not coterminate with the earlier sentence. This sentencing structure indicates the court's intent that Pearson remain under supervision beyond the five-year period of the coterminous sentence.
[2] Section 944.275(4)(b)3, Florida Statutes (1997), provides:

For sentences imposed for offenses committed on or after October 1, 1995, the department may grant up to 10 days per month of incentive gain-time, except that no prisoner is eligible to earn any type of gain-time in an amount that would cause a sentence to expire, end, or terminate, or that would result in a prisoner's release, prior to serving a minimum of 85 percent of the sentence imposed. For purposes of this subparagraph, credits awarded by the court for time physically incarcerated shall be credited toward satisfaction of 85 percent of the sentence imposed. Except as provided by this section, a prisoner shall not accumulate further gain-time awards at any point when the tentative release date is the same as that date at which the prisoner will have served 85 percent of the sentence imposed. State prisoners sentenced to life imprisonment shall be incarcerated for the rest of their natural lives, unless granted pardon or clemency.
[3] The circuit court that denied Pearson's petition for writ of mandamus was not the same circuit court that imposed sentence. Because Pearson sought mandamus against a state agency, DOC, the circuit court in Leon County had jurisdiction over the matter.
[4] Article II, section 3 of the Florida Constitution provides, in pertinent part, that "[n]o person belonging to one branch [of government] shall exercise any powers appertaining to either of the other branches unless expressly provided herein."
[5] Article V, section 3(b)(3) of the Florida Constitution provides that this Court "[m]ay review any decision of a district court of appeal... that expressly and directly conflicts with a decision of another district court of appeal or the supreme court on the same question of law."
[6] As noted in a footnote in the opinion below, DOC conceded at oral argument that the trial court could have lawfully imposed concurrent sentences for Pearson's new crimes of the same or even shorter duration than the coterminous sentence. See Pearson, 767 So.2d at 1237 n. 1. Both parties also recognized this fact at oral argument before this Court.