PER CURIAM.
The defendant, John Fullwood appeals the denial of a motion for clarification of sentence and the denial of a motion to correct sentence. We affirm the denial of the motion to clarify sentence and reverse the denial of the motion to correct sentence and remand for resentencing.
In the motion to clarify sentence, defendant alleges that the trial court erred because the trial court miscalculated the length of defendant’s sentence based on the assumption that defendant would receive gain time toward his release. This argument is without merit.
“The authority to regulate gain time resides exclusively within the Department of Corrections pursuant to chapter 944, Florida Statutes”. Moore v. Pearson, 789 So.2d 316, 319 (Fla.2001). When a sentencing court attempts to either bar or grant gain time awards, those portions of the sentencing order have been struck as surplusage. Id. The Department of Corrections correctly found that Defendant is not entitled to gain time pursuant to section 794.011(7), Florida Statutes (1993), which provides that a person convicted of sexual battery is not eligible for basic gain time.
Defendant is however entitled to relief on his claim that the trial court erred in denying the motion to correct sentence. Defendant alleges that the trial court’s sentence of nineteen years, on case number 93-11997, was improper as it exceeded the statutory maximum. We agree.
The trial court sentenced Defendant pursuant to a 1991 sentencing guidelines scoresheet to nineteen years, which fell within the recommended sentence of seventeen to twenty-two years. However, Defendant committed these offenses in 1993 and prior to 1994, a court could not impose a guidelines sentence beyond the statutory limits. See Mays v. State, 717 So.2d 515, 516 (Fla.1998); Allen v. State, 702 So.2d 301 (Fla. 1st DCA 1997); see also § 921.001(5) Fla. Stat. (1991).
Accordingly, as concerns the sentencing issue, we reverse and remand with instructions to the trial court to resentence defendant to the statutory maximum for a second degree felony-fifteen years, with credit for all time served. Defendant need not be present for resentencing.
*345 Affirmed in part, reversed and remanded in part.