COVINGTON, Judge.
Freddie E. Bass appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for correction of sentence.
According to Bass, he entered into a plea agreement with the State whereby he pleaded guilty to robbery, possession of cocaine, possession of drug paraphernalia, and obstructing an officer without violence. On June 25, 2000, the trial court sentenced Bass to twelve years in prison as a habitual felony offender on the robbery count and five years in prison on the possession of cocaine count. On the remaining two counts, the trial court sentenced Bass to time served.
In the instant motion, Bass alleged that on May 8, 2001, he filed a motion to correct illegal sentence because his written sentence on the robbery count reflected a four-year probationary portion to follow the twelve years in prison, and the probationary portion was not orally pronounced at the June 25, 2000, sentencing hearing. In response to the May 8, 2001, motion, the trial court conducted a hearing on September 24, 2001, and resentenced Bass to twelve years in prison followed by two years’ probation. In the instant motion, Bass claimed that his counsel for the September 24, 2001, hearing was ineffective for allowing him to be sentenced to twelve years in prison followed by two years’ probation. Bass argued that the purpose of the September 24, 2001, hearing was to simply correct his written sentence to reflect the June 25, 2000, oral pronouncement of sentence.
Although he framed his claim as one of ineffective assistance of counsel, Bass more properly alleged a claim of illegal sentence. See Brinson v. State, 851 So.2d 815 (Fla. 2d DCA 2003). If Bass was orally sentenced to twelve years in prison without any probation on June 25, 2000, but his written sentence reflected a sentence of twelve years in prison followed by four years’ probation, he was entitled to have his written sentence corrected to comport with the oral pronouncement. See Ashley v. State, 850 So.2d 1265 (Fla. 2003); Hunter v. State, 846 So.2d 1227 (Fla. 2d DCA 2003). The trial court was not authorized, however, to bring Bass back to court to resentence him to a more onerous sentence than that orally imposed *1231 on June 25, 2000, because such a resen-tencing violated Bass’s constitutional right against double jeopardy. See Ashley, 850 So.2d at 1267. Accordingly, we reverse and remand for the trial court to- resen-tence Bass to twelve years in prison on the robbery count as orally imposed by the trial court on June 25, 2000.
Reversed and remanded.
STRINGER and KELLY, JJ., Concur.