SHARP, W., J.
Miller appeals from an amended order rendered by the trial court in response to his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), seeking to challenge his 27 year prison sentence followed by 20 years on probation, on three grounds. On the first ground, the state conceded Miller’s total sentence of 47 years was illegal and the trial court made a proper correction. The trial court ruled against Miller on the second ground (erroneous computation of his prior record on his scoresheet), which is not challenged here. The third ground at issue in this appeal is that the judge failed to give Miller credit for the 960 days he served in county jails awaiting disposition of his post-judgment motions, which had been caused by several judicial reassignments and reassignments of defense lawyers. We affirm, but remand to the trial court to further clarify its order consistent with its oral statements at the resentencing.
At the resentencing hearing, the judge said he felt “constrained” to grant the defense’s request to give Miller credit for all of the time served in county jails, while awaiting disposition of his motions concerning his sentence. However, the sentencing order failed to expressly give Miller credit for time served in the county jails. The defense filed a motion to modify on that ground. The court rendered ah Order to Correct/Modify Sentence, which provided that on count one, Miller is “credited with the 960 days served in the Marion County jail and the Citrus .County jail for the purpose of properly computing the earned credit and gain time as compiled by the Department of Corrections.” ■
However, approximately two weeks later, after Miller had commenced serving his sentence, the trial court sua sponte rendered an Amended Order on Defendant’s Motion to Correct/Modify sentence. It stated that the court intended to award credit for time served and not an award of gain time. It stated that Miller was entitled to credit for time previously served on this case both pre-sentencing and post-sentencing. “However," it is not this Court’s intention to award this Defendant any credit for gain time that would or could have been earned had this Defendant been in the custody of the Department of Corrections during the aforementioned time period. The award of gain time is purely at the discretion of the Department of Corrections.”
The authority to regulate gain time resides with the Department of Corrections. Moore v. Pearson, 789 So.2d 316 (Fla.2001). If, in sentencing, a court attempts to bar or grant gain time, such language has been treated as surplusage or stricken. See Singletary v. Coronado, 673 So.2d 924 (Fla. 2d DCA 1996); Shape v. State, 516 So.2d 73 (Fla. 5th DCA 1987).
However, a court has the authority and jurisdiction to effect a fair sentence by awarding credit for time served, to insure that a defendant is accorded due process where, due to circumstances beyond the defendant’s control, the right to accrue gain time has been denied. In Singletary v. Marchetti, 691 So.2d 65 (Fla. 3d DCA 1997), the court affirmed an order allowing additional prison gain time. In that case, the defendant was transported to county jail from the Department of Corrections, pursuant to the order of the trial court and *482 it did not order his return until 6 months later. As a result of his 6 month stay in county jail, the defendant was denied the opportunity to earn gain time. The court ruled that the trial court intended to mitigate the sentence in view of the defendant’s unnecessary retention in county jail. The effect of the trial court’s order was not to require the Department of Corrections to award gain time, but to shorten the sentence by the amount of time he was unjustly denied the right to accrue it.
Time served is time a defendant has actually been incarcerated and should be credited against the original sentence without any reduction in the sentence imposed by the court. The courts have the authority to order credit for time served. Only incidentally does such an award encompass gain time, because once a court orders credit for time served, the defendant becomes entitled to an allowance of gain time by operation of law. Smith v. State, 682 So.2d 147, 148 (Fla. 4th DCA 1996). § 944.275(3)(b). But the award of gain time is entirely a matter for the determination of the Department of Corrections.
In this case, the first order failed to award Miller 960 days credit for time served, even though the trial judge expressly stated he should receive credit for time he served in county jails. In the first amended order, the judge credited Miller with the 960 days “for the purpose of computing the earned credit and gain time, as complied by the Department of Corrections.” However, by the later order, the court denied credit or gain time that could or would have been earned by Miller had he been incarcerated by the Department of Corrections rather than county jails, stating that only the Department of Corrections had authority to award gain time.
We conclude that the orders, when read together, are correct although confusing. They give Miller credit for the 960 days served in the county jails, thereby reducing his total sentence to be served, and they leave to the Department of Corrections the authority to award gain time in the future, including computation for the 960 days in the county jails. We remand this cause to the trial court for the purpose of clarifying the orders rendered in this case consistent with this opinion.
AFFIRMED; REMANDED.
SAWAYA, C.J., and PETERSON, J., concur.