921 So.2d 657 (2006)
Terry Lee THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2858.
District Court of Appeal of Florida, Second District.
January 13, 2006.
Rehearing Denied March 1, 2006.
*658 Jackson S. Flyte, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
FULMER, Chief Judge.
Terry Lee Thomas appeals from an order granting the State's motion to correct illegal sentence. We agree with Thomas that the trial court improperly altered his sentence and, therefore, reverse.
In case number 01-7082, a jury found Terry Lee Thomas guilty of battery on a law enforcement officer and resisting an officer with violence. At the sentencing hearing, Thomas pleaded no contest to additional offenses in three cases: in case number 01-3306, to possession of a firearm by a convicted felon; in number 02-5267, to possession of a firebomb; and in number 02-5786, to false imprisonment and battery.
The no contest pleas were entered pursuant to a written agreement which provided that each third-degree felony was to be enhanced under the habitual offender statute to ten years in prison with a concurrent five-year prison releasee reoffender enhancement. There was to be no habitual offender enhancement for the possession of a firearm charge, a second-degree felony, and Thomas was to receive three years for that offense, as a minimum mandatory. Of significance, the plea agreement contained the provision that "[a]ll sentences will be co-terminus."
The trial court accepted the pleas and, pursuant to the agreement, sentenced Thomas as follows: (1) in 01-3306, "to *659 three years minimum mandatory Florida State Prison"; (2) in 02-5267, to "ten years as a habitual felony offender with five years of that as a prison releasee reoffender"; (3) in 02-5786, to "ten years Florida State Prison, five years of that as a prison releasee reoffender" for the false imprisonment and to time served on the battery. In 01-7082, the case where Thomas was tried and convicted, the court sentenced him on both counts to serve ten years in prison as a habitual felony offender and five of those years as a prison releasee reoffender. Every sentence on all four cases was to run concurrent with each other, and the court stated, "they will all be co-terminous." The written sentencing document for case number 01-7082 shows the sentence in that case was to run concurrent with the sentence in 01-3306 followed by the words "AND CO-TERMINUS." The written sentencing documents for 02-5267 and 02-5786 show the sentences in those cases were to run concurrent with the sentence in 01-7082 followed by the words "AND CO-TERMINUS."
On May 14, 2004, the State filed in the trial court a motion to correct Illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), arguing that the sentences imposed were illegal. The State's motion asserted:
There is no logical manner in which a 10 year HFO sentence with a 5 year PRR mandatory minimum can be "co-terminous" with a three year mandatory minimum sentence in CF01-03306A-XX and still qualify as a legal sentence. The Department [of Corrections] has requested an Amended Judgment and Sentence for all cases involved.
A hearing on the motion was held on May 28, 2004. At the hearing, Thomas's attorney, Mr. Abaray, objected to the State's intent to call Thomas's previous attorney, Mr. Sullivan, as a witness. The court denied the objection. The State called Mr. Sullivan, who testified that, from what he could remember, the coterminous provision was put into the plea agreement because he wanted to make sure Thomas got the same amount of jail credit, the maximum amount, on each of the four cases. Since that time, Mr. Sullivan came to understand that coterminous meant that the sentences all ended at the same time. He did not remember exactly what he thought the term meant at the time of the sentencing.
The assistant state attorney, Mr. McNeal, told the court he did not believe Mr. Sullivan inserted the coterminous provision into the plea agreement "as an example of slick lawyering." Mr. McNeal then argued the sentence was illegal because he did not envision that the result would be a three-year sentence for Thomas. He asked the court to amend the judgment and sentence to enforce the plea agreement without the word "coterminous." The court asked if it could do that without violating double jeopardy. Mr. McNeal argued that the court could correct an illegal sentence at any time. The court noted that Thomas received a three-year minimum mandatory sentence for the possession of a firearm conviction and stated that the sentence was not proper because "there was no finding of actual possession." The court suggested that the State just dismiss the possession of a firearm charge, but Mr. McNeal indicated that the court could not vacate the charge unless Thomas filed a motion to vacate.
Mr. McNeal was questioned by the defense counsel. He stated that at the time he agreed to the coterminous provision, he did not understand what coterminous meant. He had never heard that term before. He did not do any research to determine the meaning of the term within thirty days after the sentencing. Personnel *660 from the Department of Corrections (DOC) contacted Mr. McNeal to get the sentence corrected, "and that's what got this ball rolling." Mr. McNeal told the court that DOC would release Thomas after three years pursuant to the sentencing documents. The court stated, "No they're not." The court indicated "extreme displeasure," telling the parties that that "[i]f he gets out at three, it's a travesty" and "a joke." The court then stated: "I'll tell you what I'm gonna do and you've got thirty days to appeal it. I'm gonna vacate the three year minimum mandatory sentence on the gun possession because it's an illegal sentence. The other . . . sentence stands as previously entered." The defense objected. The court's written order of May 28, 2004, pertains only to case number 01-3306 and indicates that the motion to correct illegal sentence is granted and the sentence of February 6, 2003, is vacated.
On appeal, Thomas argues that the sentence was not subject to correction pursuant to rule 3.800(a) because it was not an illegal sentence. The State acknowledges that the trial court erred in vacating the three-year mandatory sentence in case number 01-3306 and asserts that that sentence was not illegal, but the State argues that the trial court was right in granting the State's motion to correct illegal sentence because the coterminous provision in the original sentence was illegal. The State urges this court to remand for reinstatement of the original three-year minimum mandatory in case number 01-3306 and for deletion of the coterminous provision from all sentencing documents.
We conclude that the original sentence, although it may have been improper, was not an illegal sentence as that term is currently understood. See Carter v. State, 786 So.2d 1173 (Fla.2001); Robinson v. State, 757 So.2d 532, 533 (Fla. 4th DCA 2000) (discussing types of sentences that can be corrected by rule 3.800(a)). In Moore v. Pearson, 789 So.2d 316 (Fla. 2001), the supreme court discussed coterminous sentences in a case brought by a prisoner to enforce a sentence imposed pursuant to a plea agreement. Pearson was sentenced as a habitual offender under the terms of a plea agreement providing that the incarcerative portion of his thirteen-year sentence was to run concurrent and coterminous with an earlier imposed five-year prison sentence. 789 So.2d at 317. DOC refused to give effect to the sentence because it concluded that doing so would contradict a statute that prohibited the award of gain time that would result in a prisoner serving less than 85% of his sentence. Id. The supreme court approved the district court, which had concluded that DOC may not refuse to give effect to a sentence imposed by the circuit court. Id. at 317-19. In doing so, the supreme court discussed the meaning of a coterminous sentence.
Contrary to DOC's contention here, however, an otherwise lawful coterminous sentence6 does not constitute "court-ordered gain time" whereby the sentencing court is directly ordering DOC to award gain time. Nor can such a sentence be treated as "surplusage" in the sentencing order, as the DOC asserts. Instead, a coterminous sentence is a sentencing decision in which a court exercises its discretion to mitigate a defendant's sentence. Cf. Singletary v. Marchetti, 691 So.2d 65 (Fla. 3d DCA 1997) (treating sentencing order giving credit for county jail gain time as a mitigation of sentence rather than an award of gain time); Gaston v. State, 613 So.2d 496 (Fla. 2d DCA 1993) (same). Accordingly, DOC violates the separation of power doctrine when it refuses to carry out the sentence imposed by the court. See art. I, § 18, *661 Fla. Const. ("No administrative agency. . . shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law.").
6 As noted in a footnote in the opinion below, DOC conceded at oral argument that the trial court could have lawfully imposed concurrent sentences for Pearson's new crimes of the same or even shorter duration than the coterminous sentence. See Pearson [v. Moore], 767 So.2d [1235] at 1237 n. 1. Both parties also recognized this fact at oral argument before this Court.
Id. at 319 (emphasis added). Given that the supreme court has recognized the legitimacy of coterminous sentences in Pearson, we reject the State's argument that the coterminous sentences here are illegal.
By granting the State's motion and removing the three-year sentence, the trial judge increased the amount of prison that Thomas would serve on the other sentences to effectuate the court's original intent.[1] Because the original sentence was a legal sentence, the trial court's action violated double jeopardy. Generally, a trial court has no authority to modify a sentence after a defendant has begun serving it. See Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003); Pearson, 789 So.2d at 319-20; King v. State, 913 So.2d 758 (Fla. 2d DCA 2005); Pate v. State, 908 So.2d 613 (Fla. 2d DCA 2005); Bass v. State, 869 So.2d 1230 (Fla. 2d DCA 2004). While there are exceptions to this rule, such as the trial court's right to increase a sentence when the original sentence was induced by a fraudulent act, see Goene v. State, 577 So.2d 1306, 1308 (Fla.1991), the exceptions would not apply in this case.
Additionally, it is undisputed that there was not a scrivener's error in the original sentence. Rather, the coterminous language was misunderstood by the court and the parties when the original sentence was negotiated and imposed. Therefore, as long as the orally imposed sentence was legal, it cannot be changed through the rule 3.800(a) procedure. See Spain v. State, 849 So.2d 340 (Fla. 2d DCA 2003); Comtois v. State, 891 So.2d 1130 (Fla. 5th DCA 2005).
Accordingly, because the trial court lacked authority to alter the sentence originally imposed, and thereby increase the amount of time that Thomas would serve, we reverse and remand with directions to reinstate the original sentence.
Reversed and remanded.
VILLANTI and LaROSE, JJ., Concur.
NOTES
[1] The trial court proceeded to take testimony to ascertain the intent of the parties in agreeing to the coterminous language in the plea agreement. This was improper because rule 3.800(a) provides a vehicle for correcting illegal sentences only when the error is apparent from the face of the record. See Bover v. State, 797 So.2d 1246 (Fla.2001).