IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KENNETH PURDY,

        Appellant,

 v.                                      Case No.  5D16-370

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed January 27, 2017

Appeal from the Circuit Court
for Orange County,
Mark S. Blechman, Judge.

Matthew R. McLain, McLain Law, P.A.,
Maitland, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.

LAMBERT, J.

The primary issue that we address in this appeal is whether the trial court erred when, during a juvenile offender's sentence review hearing held pursuant to section 921.1402, Florida Statutes (2015), it failed to consider Appellant's aggregate prison sentence and instead just modified one individual sentence.  To adequately answer this question, we first provide a brief history of the proceedings below.

In 1997, following a jury trial, Appellant was convicted of felony first-degree murder, armed robbery, and armed carjacking. Appellant was a juvenile at the time that he committed these crimes. The trial court sentenced Appellant to serve life in prison without the possibility of parole for the murder conviction and two separate 112.7-month prison sentences for the armed robbery and armed carjacking convictions. The court ordered the 112.7-month prison sentences to run concurrently with each other but consecutively to the life sentence.[1] We affirmed Appellant's convictions and sentences on direct appeal without opinion. *Purdy v. State*, 725 So. 2d 1137 (Fla. 5th DCA 1998).

Over the ensuing years, Appellant filed several motions seeking postconviction relief. These motions were denied by the lower court, and the denial orders were affirmed on appeal by this court.[2] Nevertheless, on May 21, 2015, Appellant filed a successive motion for postconviction relief based upon the United States Supreme Court's opinion in *Miller v. Alabama*, 132 S. Ct. 2455, 2469 (2012), where the Court held that a sentencing scheme that mandates a life sentence without the possibility of parole for a juvenile offender who commits a homicide violates the Eighth Amendment of the United States Constitution. Appellant argued that although his life sentence was final long before *Miller* was released, he is now entitled to relief from this sentence because the Florida Supreme Court recently held that *Miller* was to be applied retroactively. *See Falcon v. State*, 162

---

[1] Each sentence also included a three-year minimum mandatory provision based upon the jury making a specific finding on each count that Appellant was in actual possession of a firearm when he committed these crimes.

[2] *Purdy v. State*, 158 So. 3d 605 (Fla. 5th DCA 2015); *Purdy v. State*, 43 So. 3d 708 (Fla. 5th DCA 2010); *Purdy v. State*, 907 So. 2d 545 (Fla. 5th DCA 2005); *Purdy v. State*, 773 So. 2d 560 (Fla. 5th DCA 2000).

So. 3d 954, 962–63 (Fla. 2015). The postconviction court agreed, summarily granted the motion, and set the matter for resentencing.[3]

On November 18, 2015, the court held the resentencing hearing. At this hearing, Appellant's counsel requested that a "credit time served" sentence be imposed, suggesting to the court that it could craft a "sentencing scheme" that would allow Appellant to be immediately released. The State countered that Appellant should be resentenced to serve fifty years in prison for the murder conviction. Pertinent to this appeal, the State also advised the court that it would need to address at this hearing or at the subsequent review hearing whether Appellant was also entitled to be resentenced on his previously imposed consecutive sentences for the armed robbery and armed carjacking.

The court, after considering the factors set forth in section 921.1401(2)(a)–(j), Florida Statutes (2015), resentenced Appellant to serve forty years in prison for the murder conviction, with appropriate jail credit and prison credit awarded, but did not separately provide for a sentence review hearing in this new sentence. The court declined to hold the review hearing that day, advising Appellant that he would first need to file the necessary paperwork requesting the review hearing and, that at this later hearing, the court would determine whether "[Appellant] can be released."[4] Additionally, the court did not modify Appellant's sentences for the armed robbery or armed carjacking convictions, concluding that it did not have the discretion or authority to do so. As a result, Appellant's

---

[3] In *Horsley v. State*, 160 So. 3d 393, 395–96 (Fla. 2015), the court held that a juvenile offender whose earlier sentence was found to be unconstitutional should be resentenced in light of the juvenile sentencing legislation enacted by the Legislature in 2014, now codified in sections 775.082, 921.1401–.1402, Florida Statutes (2015).

[4] Based on the court's factual findings at the resentencing hearing, Appellant, having already served more than twenty years of his prison sentence, was entitled to a review hearing. *See* §§ 775.082(1)(b)2.; 921.1402 (2)(c), Fla. Stat. (2015).

3

total or aggregate sentence was now 49 years, 4.7 months (the modified 40-year sentence for the murder conviction, followed by the 112.7-month sentences for the robbery and carjacking convictions, which remained concurrent to each other, but consecutive to the sentence for murder).

Consistent with the court's direction, the following day, Appellant filed an application for sentence review pursuant to sections 921.1402(2) and (4), Florida Statutes (2015). In his application, Appellant asserted that the court had the authority at this review hearing to modify his sentences for the robbery and carjacking convictions in addition to modifying his forty-year sentence for the murder conviction, based on the court's authority to correct an unconstitutional sentencing scheme. Alternatively, Appellant suggested that the court could modify his sentence for the murder in such a fashion to effectuate his "immediate release to society."

On December 18, 2015, the court conducted the sentence review hearing. After receiving brief testimony from Appellant, together with argument from counsel, the court specifically found Appellant to have been rehabilitated and that it reasonably believed Appellant to be fit to reenter society. Appellant's counsel reminded the court that in his application for the review hearing, counsel had indicated to the court that it had the authority at this review hearing to modify Appellant's entire sentencing scheme and not just the modified forty-year sentence for the murder. Alternatively, counsel suggested that the court could modify Appellant's forty-year sentence down to a ten-year prison sentence, arguing that because Appellant had been in custody for over twenty years, the additional time Appellant had already served could be applied towards his remaining 112.7-month prison sentences for the armed robbery and armed kidnapping convictions, thereby allowing Appellant to be immediately released from prison.

4

The court first calculated that, at the time of the review hearing, Appellant had been in custody on this case for a total of twenty years, six months, and thirteen days. It then modified Appellant's sentence on the murder conviction to this amount of time served, to be followed by ten years of probation. However, the court again concluded that it lacked jurisdiction to consider modifying the 112.7-month prison sentences for the armed robbery and armed carjacking convictions.[5]

In *Tyson v. State*, 199 So. 3d 1087 (Fla. 5th DCA 2016), we recently held that a juvenile offender who was sentenced to serve thirty years in prison on one count, to be followed by fifteen years in prison on a second count, received an unconstitutional sentence because the aggregate sentence did not provide for a review hearing after the juvenile offender served twenty years in prison. 199 So. 3d at 1087–89. Additionally, in *Thomas v. State*, 135 So. 3d 590 (Fla. 1st DCA 2014), a juvenile homicide offender initially received a life sentence for first-degree murder and was resentenced, following *Miller*, to a term of forty years in prison for the murder and a concurrent thirty years in prison for an armed robbery conviction with no provision for a sentence review hearing. 135 So. 3d at 590–91. The First District affirmed the concurrent sentences, *id.*, but the Florida Supreme Court, in a brief, unanimous opinion, quashed the decision of the First District and remanded the case for resentencing in conformance with the framework established in

---

[5] Prior to filing this appeal, Appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(1) to correct illegal sentence, arguing, among other things, that as a result of finding him to be rehabilitated and reasonably believing that he is fit to reenter society, the trial court was required under section 921.1402, Florida Statutes (2015), to immediately release him from prison on at least five years of probation. While the motion could have been more precisely stated, Appellant argued that the present aggregate sentence he is now serving, which requires him to remain in prison to serve his sentences for robbery and carjacking despite being found rehabilitated and fit to reenter society, is illegal. The trial court denied the motion.

the 2014 juvenile sentencing laws now codified in sections 775.082, 921.1401, and 921.1402 of the Florida Statutes. *Thomas v. State*, 177 So. 3d 1275 (Fla. 2015).

More recently, in *Kelsey v. State*, 41 Fla. L. Weekly S600 (Fla. Dec. 8, 2016), the Florida Supreme Court reiterated that the constitutionality of a juvenile offender's sentence is not based on the length of the sentence, but rather, it is dependent upon whether the sentence provided the offender with a meaningful opportunity for early release based on maturation and rehabilitation. 41 Fla. L. Weekly at S602. The defendant in *Kelsey*, a juvenile nonhomicide offender, had initially received two life sentences, but following the United States Supreme Court's opinion in *Graham v. Florida*, 560 U.S. 48 (2010),[6] the defendant was resentenced to concurrent forty-five-year prison sentences, but without a sentence review hearing. *Id.* at S600–01. The First District affirmed the new sentences, concluding that the forty-five-year prison term did not constitute a de facto life sentence in violation of *Graham*. *Kelsey v. State*, 183 So. 3d 439 (Fla. 1st DCA 2015). However, the supreme court remanded for resentencing, concluding that, consistent with its decision in *Henry v. State*, 175 So. 3d 675 (Fla. 2015), all juvenile offenders whose sentences met the standard defined by the Legislature in chapter 2014-220, Laws of Florida, which includes any sentence longer than twenty years, are entitled to judicial review, not simply those term-of-years sentences that are "de facto life." *Kelsey*, 41 Fla. L. Weekly at S600–03.

Based on these cases, we conclude that when a juvenile offender is entitled to a sentence review hearing, the trial court is required to review the aggregate sentence the

---

[6] In *Graham*, the United States Supreme Court held that the Eighth Amendment forbids a sentence of life without parole for a juvenile offender who did not commit a homicide. 560 U.S. at 74.

6

juvenile offender is serving in determining whether to modify the offender's sentence based upon demonstrated maturity and rehabilitation. We therefore hold that the lower court erred in failing to consider Appellant's aggregate 49-year, 4.7-month prison sentence at the review hearing and remand for the trial court to conduct a second review hearing to address whether to modify this sentence. If the court determines at this hearing that Appellant has been rehabilitated and is reasonably believed to be fit to reenter society, the court shall modify the aggregate sentence. *See* § 921.1402(7), Fla. Stat. (2015).

Appellant has raised two other issues in this appeal. In his second issue, Appellant argues that the court erred in finding that he was not eligible for gain time on the sentence imposed for the first-degree murder at the review hearing. We note that "[t]he authority to regulate gain time resides with the Department of Corrections." *Miller v. State*, 882 So. 2d 480, 481 (Fla. 5th DCA 2004) (citing *Moore v. Pearson*, 789 So. 2d 316 (Fla. 2001)). "If, in sentencing, a court attempts to bar or grant gain time, such language has been treated as surplusage or stricken." *Id.* (citing *Singletary v. Coronado*, 673 So. 2d 924 (Fla. 2d DCA 1996); *Shupe v. State*, 516 So. 2d 73 (Fla. 5th DCA 1987)). We therefore strike as surplusage any language from the recently entered sentencing documents regarding gain time.[7]

---

[7] In Appellant's aforementioned motion to correct illegal sentence, he also asserted that the trial court lacked authority to comment on gain time and asked that such language in the order be stricken. As to the merits of his claim, we note that subsequent to the lower court's resentencing, Appellant pursued his administrative remedies through the Department of Corrections ("DOC") regarding the denial of his claim for gain time on his sentence. After the DOC denied relief, Appellant then filed a petition seeking habeas corpus relief with the circuit court, challenging the DOC's adverse determination as to his request for gain time. The circuit court denied his petition. Appellant thereafter filed a petition for writ of certiorari with our court regarding the denial of his habeas corpus petition, which was denied by this court without elaboration in case number 5D16-897.

In his third issue, Appellant asserts that the three-year minimum mandatory provisions of his sentences for armed robbery and armed carjacking should not run consecutively. Based on the facts of this case and as correctly conceded by the State, the three-year minimum mandatory sentence provisions of Appellant's convictions for armed robbery and armed carjacking must run concurrently and not consecutively to each other. Because there was conflicting language in separate, contemporaneously rendered sentencing documents on this issue when Appellant was first sentenced, the trial court is directed to clarify and correct the judgment and sentences on remand.

REMANDED, with directions.

ORFINGER, J., concurs.
BERGER, J., concurs in part, and dissents in part, with opinion.

I agree with the majority that the authority to regulate gain time resides with the Department of Corrections. I also agree that the three-year minimum mandatory sentences imposed on counts two and three for armed robbery and armed carjacking, must run concurrently with each other. However, I disagree with the majority view that, pursuant to section 921.1402, Florida Statutes (2015), Appellant is entitled to a sentence review on counts two and three.

When Appellant was resentenced pursuant to section 921.1401, Florida Statutes (2015), to serve forty years in prison on his conviction for first-degree felony murder, his sentence was no longer unconstitutional under Miller v. Alabama, 132 S. Ct. 2455 (2012). Nevertheless, he was entitled to, and did, receive a sentence review hearing on this charge pursuant to section 921.1402(2)(c). See § 775.082(1)(b)2., Fla. Stat. (2015).

Notably, Appellant did not seek resentencing on counts two and three in his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 and Miller. At the hearing on the postconviction motion, Appellant raised the issue of determining the applicable sentencing guidelines as to counts two and three, which the trial court declined to address, but Appellant did not raise any issues concerning his aggregate sentence. At the conclusion of the hearing, Appellant requested clarification on the trial court's ruling, but he did not object or argue to the contrary when the trial court stated that it did not believe it had discretion to modify or change Appellant's sentence on counts two and three. Moreover, when the sentences imposed in counts two and three were left undisturbed on resentencing, Appellant did not appeal the trial court's decision to leave those sentences intact. Subsequently, during the judicial review hearing under section 921.1402(2)(c), Appellant did not object when the trial court indicated it did not have

9

jurisdiction to resentence him on those counts. During the judicial review hearing, and in his motion to correct his sentence under Florida Rule of Criminal Procedure 3.800(b), Appellant did no more than argue that he was entitled to immediate release based on his rehabilitation and fitness to reenter society and seek to reduce the first-degree felony murder sentence to ten years so that the sentences for counts two and three, running consecutive to the first-degree felony murder sentence, had already been completed. Appellant made no arguments concerning the aggregate length of his sentences. In fact, it was the State, not Appellant, who raised the issue of the trial court's lack of jurisdiction to review the sentences in counts two and three under section 921.1402(1). As such, the sentences in counts two and three are not subject to review. See Fla. R. App. P. 9.140(e); Jackson v. State, 983 So. 2d 562, 574 (Fla. 2008); Bertolotti v. Dugger, 514 So. 2d 1095, 1096 (Fla. 1987) ("In order to preserve an issue for appellate review, the specific legal argument or ground upon which it is based must be presented to the trial court." (citing Tillman v. State, 471 So. 2d 32 (Fla. 1985))). Even if they were, a 112.7 month sentence does not trigger a sentence review hearing under section 921.1402(2). See Barnes v. State, 175 So. 3d 380, 382 n.1 (Fla. 5th DCA 2015) ("The statutory provisions governing juvenile sentencing do not apply to the defendant's five-year sentence for count twenty and his one-year sentence for count twenty-one; thus, resentencing on these counts is not necessary.").

I recognize that leaving the sentences in counts two and three intact creates an anomaly in light of the trial court's conclusion that Appellant is rehabilitated and fit to reenter society. Nevertheless, I believe the glitch is one that requires a legislative fix, not a judicial one. See Ortiz v. State, 188 So. 3d 113, 116 n.4 (Fla. 1st DCA 2016) (recognizing the anomaly that the Appellant will receive a sentence review under section

921.1402(2)(a) for his first-degree murder conviction but not for home invasion robbery while armed with a firearm).  Accordingly, I dissent.