IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

KENNETH PURDY,

      Appellant,

v.                                    Case No.  5D16-370

STATE OF FLORIDA,

      Appellee.
_____/

Opinion filed October 12, 2018

Appeal from the Circuit Court for
Orange County,
Mark S. Blechman, Judge.

Matthew R. McLain, McLain Law, P.A.,
Maitland, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.


ON REMAND FROM THE FLORIDA SUPREME COURT

PER CURIAM.

The Florida Supreme Court accepted review of our January 27, 2017 decision in

this case to answer the following certified question:

> WHEN A JUVENILE OFFENDER IS ENTITLED TO A
> SENTENCE REVIEW HEARING, IS THE TRIAL COURT
> REQUIRED TO REVIEW THE AGGREGATE SENTENCE
> THAT THE JUVENILE OFFENDER IS SERVING FROM THE
> SAME SENTENCING PROCEEDING IN DETERMINING
> WHETHER TO MODIFY THE OFFENDER'S SENTENCE

BASED UPON DEMONSTRATED MATURITY AND REHABILITATION?

The court answered the certified question in the negative, quashed our decision, and remanded for further proceedings consistent with its opinion. *State v. Purdy*, 43 Fla. L. Weekly S321 (Fla. Aug. 30, 2018).

Accordingly, we affirm the sentence imposed by the trial court following the sentence review hearing on Appellant's conviction for first-degree murder. We also affirm the trial court's determination that it did not have the authority or discretion to modify Appellant's previously imposed 112.7-month sentences for his armed robbery and armed carjacking convictions that were run concurrently with each other but consecutively to Appellant's sentence for first-degree murder.

Appellant raised two other claims on appeal that were unrelated to the certified question answered by the Florida Supreme Court. First, as previously conceded by the State, the three-year minimum mandatory provisions that were part of Appellant's 112.7-month prison sentences for the armed robbery and armed carjacking convictions are to run concurrently. There was conflicting language in separate, contemporaneously rendered sentencing documents on this issue when Appellant was first sentenced. Therefore, the trial court is directed to clarify and correct the judgment and sentences on remand, if it has not already done so.

Lastly, at the sentence review hearing, the trial court found that Appellant was not eligible for gain time on his sentence for the first-degree murder. The authority to regulate gain time resides exclusively with the Department of Corrections, not the trial court. *See Miller v. State*, 882 So. 2d 480, 481 (Fla. 5th DCA 2004) (citing *Moore v. Pearson*, 789 So. 2d 316, 319 (Fla. 2001)). On remand, the trial court is directed to strike as surplusage

any language in the sentencing documents regarding gain time.  *Id.* ("If, in sentencing, a court attempts to bar or grant gain time, such language has been treated as surplusage or stricken." (citing *Shupe v. State*, 516 So. 2d 73, 73 (Fla. 5th DCA 1987); *Singletary v. Coronado*, 673 So. 2d 924, 924 (Fla. 2d DCA 1996))).

AFFIRMED; REMANDED with directions.

ORFINGER, BERGER, and LAMBERT, JJ., concur.