IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JAMES MOBLEY,

      Appellant,

 v.                                                                    Case No.  5D16-4340

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed October 19, 2018

Appeal from the Circuit Court
for Flagler County,
Matthew M. Foxman, Judge.

James S. Purdy, Public Defender, and
Nancy Ryan, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Lori N. Hagan, Assistant
Attorney General, Daytona Beach, for
Appellee.


LAMBERT, J.

James Mobley was convicted after trial of sale of cocaine within 1000 feet of a public park, in violation of section 893.13(1)(c)1., Florida Statutes (2014).  This statute provides, in pertinent part, that a "defendant must be sentenced to a minimum term of imprisonment of 3 calendar years."  The trial court orally pronounced Mobley's sentence

as seven years in the state prison "with the first 36 months day-for-day minimum mandatory." This "day-for-day" language is the sole topic of this appeal.[1]

Mobley argues that by directing the first thirty-six months of his sentence be served "day-for-day," the trial court has improperly precluded him from being eligible for gain-time to which he may otherwise be entitled to under section 944.275, Florida Statutes, during the mandatory minimum portion of his sentence. Mobley asserts that when the Legislature intends to prohibit a defendant from being eligible for gain-time during the service of a mandatory minimum term of imprisonment, it uses explicit language to that effect, *see Mastay v. McDonough*, 928 So. 2d 512, 514 (Fla. 1st DCA 2006), and that section 893.13(1)(c)1., under which he was sentenced, lacks this limiting language. We agree. *See Melvin v. State*, 177 So. 3d 648, 650 (Fla. 1st DCA 2015) (striking the day-for-day provision from mandatory minimum sentence after comparing the language from sections 316.1935(6), 775.087(2)(a), and 784.07(3), that require the imposition of mandatory minimum prison sentences and also specifically provide that a defendant "is not eligible for statutory gain-time under [section] 944.275 or any form of discretionary early release, other than pardon or executive clemency, or conditional medical release under [section] 947.149, prior to serving the minimum sentence" to the statute under which the defendant was sentenced that does not have similar language).

Here, Mobley was sentenced under section 893.13(1)(c)1. This statute does not contain explicit language precluding eligibility for statutory gain-time prior to serving the mandatory minimum sentence, leading us to conclude, as the First District did in *Melvin*

---

[1] Mobley has not challenged his conviction.

and *Mastay*, that the Legislature did not intend to prohibit gain-time from being awarded regarding the mandatory minimum portion of Mobley's sentence. The trial court, by its "day-for-day" sentence pronouncement, has affected Mobley's ability to receive this gain-time, which it lacks authority to do. *See Shupe v. State*, 516 So. 2d 73, 73 (Fla. 5th DCA 1987) ("[A] trial court is without authority to prevent gain time [as] the award of gain time, pursuant to section 944.275, Florida Statutes, is solely within the province of the Department of Corrections."). The remedy is to strike the language or to treat it as surplusage. *See Miller v. State*, 882 So. 2d 480, 481 (Fla. 5th DCA 2004) ("If, in sentencing, a court attempts to bar or grant gain time, such language has been treated as surplusage or stricken." (citing *Shupe*, 516 So. 2d at 73; *Singletary v. Coronado*, 673 So. 2d 924, 924 (Fla. 2d DCA 1996))).

Accordingly, we strike from the record the "day-for-day" provision of the sentence imposed and affirm Mobley's sentence, as modified.

Sentence AFFIRMED, as modified; STRIKE "day-for-day" provision from the record.

COHEN, C.J., and EVANDER, J., concur.